Curry *v.* Wright.

## CURRY *v.* WRIGHT.

### (*Jackson.* May 17th, 1888.)

SHERIFF'S BOND. *Sureties' liability.*

Sureties on the official bond of a Sheriff *de facto* are not liable, under our statutes, to the Sheriff *de jure,* upon his recovery of the office, for the fees, salary, or other emoluments of the office, which were received by the intruder while wrongfully exercising the functions of the office.

Code cited: §§ 409, 4157 (M. & V.); §§ 354, 3420 (T. & S.).

Cases cited and distinguished: Curry *v.* Wright, 10 Heis., 237; 24 Mich., 458 (9 Am. Rep., 131); 6 Wall., 291; 102 N. Y., 536 (55 Am. Rep., 536); 53 Ill., 428 (5 Am. Rep., 52.)

### FROM SHELBY.

Appeal from Chancery Court of Shelby County. R. J. MORGAN, Ch.

W. M. RANDOLPH for Curry.

TURLEY & WRIGHT for Bailey.

LURTON, J. This case is upon the appeal of J. S. Bailey, one of the sureties upon two of the official bonds executed by M. J. Wright while Sheriff *de facto* of Shelby County, and against whom a judgment has been rendered for $50,000 in favor of A. P. Curry, who was wrongfully deprived of the office by the intrusion of Wright. This judgment is for damages alleged to have been sustained by the exclusion of the *de jure* officer from the office to which this Court, at a former term, held him to have been lawfully elected. *State, ex rel. Curry,* v. *M. J. Wright,* 10 Heis., 237.

The controversy is as to whether the sureties on the official bond of an officer *de facto* are liable to the officer *de jure,* upon his recovery of the office, for the fees, salary, or other emoluments of the office which were received by the intruder while exercising the functions of the office.

At the common law the remedy against a usurper of an office seems to have been by a proceeding called "*Assize,*" and the suit to have been sustained by analogy to proceedings for the recovery of possession of lands. Bacon Ab., "Assize," "Office."

As remarked by Campbell, Judge, "so far as this analogy holds, it would not permit any deduction from the recovery of damages based on per-

sonal services of the disseizor, or on the outside profits of the disseizee." 24 Mich., 458.

The books are full of cases involving the question of the damages which the excluded officer may recover from the intruder. These cases have all been either actions to recover from the municipality the salary withheld during such exclusion, or to recover damages from the usurper for such wrongful exclusion, and in all such cases the controversy has been as to the measure of damages. *People* v. *Miller*, 24 Mich., 458, S. C., 9 Am. Rep., 131; *United States* v. *Addison*, 6 Wall., 291; *Fitzsimmons* v. *City of Brooklyn*, 102 N. Y., 536, S. C., 55 Am. Rep., 536; *Mayfield* v. *Moore*, 53 Ill., 428, S. C., 5 Am. Rep., 52.

In the case of *United States* v. *Addison*, the contested office being that of Mayor of Georgetown, D. C., it was held that the measure of damages was the salary received by the defendant during his occupancy of the office, and that in such a case there should be no deduction by reason of the failure of the plaintiff to seek other employment while excluded.

So in the case of *People* v. *Miller*, the *de jure* County Treasurer was held entitled to recover the gross salary paid to the intruder, all expenses of the office having been paid by the county.

In the case of *Mayfield* v. *Moore*, it was held that the measure of damages was the fees and emoluments of the office received by the intruder,

after deducting reasonable expenses in earning them. This was a contested Sheriff's case, the Court, as to the measure of damages, saying: "This being an equitable action, it should be governed, in this respect, by the same rules that would obtain had this been a bill for an account, instead of an action for money had and received. He should have only a reasonable allowance for the necessary expenses in earning the fees and emoluments. Had he intruded without pretense of legal right, then a different rule would no doubt have been applied."

This Court, upon a former hearing of this case, upon the appeal of Curry, fixing basis of account, declined to lay down any rule as to the measure of damages in such cases, only deciding that certain fees earned by Wright, but uncollected by him, could be recovered from the clerks in whose hands they were, they claiming to hold them under assignments made *pendente lite* by Wright and without consideration. This decision, limited to the facts of the case, was doubtless correct. For such uncollected fees could be treated as salary unpaid to the intruder, and such salary and such uncollected fees would in either case belong to the officer *de jure,* and could be recovered as part of the damages due to him.

A careful review of the cases leads to the conclusion that, whether the action be for the recovery of specific salary due and uncollected by the usurper, or fees earned and unappropriated, or for

damages *eo nomine*, the action is but an action for damages, and is a personal action against the intruder. Curry recovered the office from Wright under the Code provisions, which expressly authorize an action for damages after recovery of the office. Code, § 3409, *et seq.* Section 3420 provides: "Such claimant in this event (recovery of office), may also, at any time within one year thereafter, bring suit against the defendant, and recover the damages he has sustained by reason of the act of the defendant."

Are the sureties upon the official bond of the *de facto* officer responsible for such damages as are contemplated by this section? We think not. But whether the action be for damages or for money had and received, can the bond be made liable by changing the form of action? We think not. The bond of the Sheriff is conditioned as follows: "Well and truly to execute and due return make of all process to him directed, and to pay *all fees* and sums of money by him received or levied, by virtue of any process, into the proper office, or to the person entitled, and faithfully to execute the office of Sheriff, and perform its duties and functions during his continuance therein." Code, § 354.

The requirement that he shall pay all fees by him received into the proper office, or to the person entitled, clearly applies to fees collected for other officers, and it could not have been in contemplation of the Legislature to make the sureties

liable to the rightful officer for fees earned by a de facto officer, or that this was an undertaking binding them to guarantee the validity of the title of their principal to the office he was exercising.

As to the general public, an intruder under color of title is a *de facto* officer; and to this class the bond is liable as much so as if he was an officer *de jure*. Third persons have a right to look to the bond of the *de facto* officer for their protection; but if such a bond is responsible to the excluded officer for the gross income of the office, it will afford little security to third persons. The claimant may generally secure himself against an insolvent intruder by injunction, or by such steps as will compel him to give a bond to cover damages by his detention of the office if held to be wrongful. This was done in this very case, and Wright was enjoined from exercising the functions of the office except upon giving a special bond, which was done. But the effort now is to reach the sureties on the official bond in addition to those on the bond given upon dissolution of Curry's injunction. This bond seems then to have been regarded as sufficient in terms and amount. If not, steps could have been taken for its increase. The insufficiency furnishes no reason for resort to the official bond. We think they are not liable. No such responsibility is imposed by the terms of the bond, or fairly inferable therefrom. No case can be found where the excluded party has sought to hold the sureties upon the official bond of the

42

*de facto* officer liable for damages for such wrongful detention or for fees collected for services rendered by such intruder. This affords a strong presumption that there is no such liability.

The judgment against Bailey must be reversed, and bill dismissed as to him.