## Trammell v. Myrick, et al.

(Decided June 11, 1915.)

### Appeal from McCreary Circuit Court.

Bonds—Sureties—Liability.—A statute requiring a clerk, upon his resignation, removal from office or the expiration of his term, to deliver to his successor the records of his office, and providing a penalty for his failure to do so, does not make the sureties on his bond conditioned for the faithful performance of the duties of his office liable to the de jure officer for fees which the former received while wrongfully exercising the functions of the office after his term expired, since the duty enjoined by the statute is not an ordinary duty of the office but is a duty imposed on the clerk individually after his term of office has expired.

L. G. CAMPBELL and J. P. HOBSON & SON for appellant.

J. N. SHARP for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Joe Myrick was appointed clerk of the McCreary County Court by the Governor, pursuant to Section 5 of the act creating that county, which section provides:

"Such officers shall be required to give bond as is required of similar officers under the Constitution and laws of this State, and they shall hold office until the next regular county election, and until their successors are elected and qualified."

There was no election of county clerk at the next regular election and the county judge appointed T. J. Trammell to fill the vacancy. Myrick refused to deliver the office to Trammell and Trammell brought suit against him to recover the office, and succeeded.

Trammel brought this action against Myrick and his sureties on his official bond to recover the emoluments of the office which Myrick collected after his term of office expired and after his refusal to turn the office over to Trammell. The demurrer of the sureties to the petition was sustained and the action dismissed as to them. The propriety of this ruling is the only question to be determined.

In the bond executed by Myrick and his sureties they covenanted with the Commonwealth in the penal sum of two thousand dollars that Myrick, as county court clerk of McCreary County, would well and truly discharge all the duties of said office according to law and pay over to all parties entitled thereto any funds that might come into his hands by virtue of his office as county court clerk. In the leading case of Curry v. Wright, 86 Tenn., 636, is was held that the sureties on the official bond of a sheriff *de facto* are not liable to the sheriff *de jure,* upon his recovery of the office, for the fees, salary, or other emoluments of the office, which were received by the intruder while wrongfully exercising the functions of the office. In that case the bond of the sheriff was conditioned as follows:

"Well and truly to execute and due return make of all process to him directed, and to pay all fees and sums of money by him received or levied, by virtue of any process, into the proper office, or to the person entitled, and faithfully to execute the office of sheriff, and perform its duties and functions during his continuance therein."

In discussing the question the court, in an opinion by Judge Lurton, said:

"The requirement that he shall pay all fees by him received into the proper office, or to the person entitled, clearly applies to fees collected for other officers, and it could not have been in contemplation of the legislature to make the sureties liable to the rightful officer for fees earned by a *de facto* officer, or that this was an undertaking binding them to guarantee the validity of the title of their principal to the office he was exercising."

The court also said:

"No such responsibility is imposed by the terms of the bond, or fairly inferable therefrom. No case can be found where the excluded party has sought to hold the sureties upon the official bond of the *de facto* officer liable for damages for such wrongful detention or for fees collected for services rendered by such intruder. This affords a strong presumption that there is no such liability."

In the case of People v. Jackson (Col.), 64 Pac., 1051, the court, after adverting to the well-recognized rule that the liability of sureties on official bonds is limited by their terms strictly construed, followed and approved the doctrine announced in Curry v. Wright, *supra*, although the bond itself provided for the delivery, by the officer to his successor, of all the belongings of the office.

In the case of Morris v. People, 46 Pac. (Col.), 691, the sureties on the bond of a justice of the peace were held liable for fees collected by him while holding over after his term of office expired. In that case, however, the statutes not only provided that the justice of the peace should surrender all the books of his office to his successor, but further provided that the sureties on his official bond should be liable to all persons interested for all damages which might be sustained by reason of his failure or refusal to do so.

While recognizing the rule laid down in Curry v. Wright, *supra*, it is sought in this action to hold the sureties liable under the doctrine of Morris v. People, *supra*. In this connection our attention is called to Section 374, Kentucky Statutes (1915), which provides:

"Delivery of records to successor—penalty for failure. Upon the resignation, removal from office, or the

expiration of the term of office of a clerk, he shall immediately, upon application, deliver to his successor, or such other person as the court may order, all books, records, and other papers belonging to his office. Any clerk who shall fail herein shall forfeit and pay one thousand dollars, and be imprisoned from one to twelve months.''

It is insisted that the foregoing statute clearly imposes on the clerk the duty of surrendering the office and the books and papers to his successor. In brief, the argument in favor of the liability of the sureties is as follows: The bond was a covenant for the faithful performance by Myrick of all the duties of his office. One of the duties of his office was to surrender the office and all books, papers and records to his successor. This duty Myrick did not perform. Therefore, the condition of the bond was broken and the sureties thereon are liable. It will be observed, however, that the statute in question imposes upon the clerk the obligation to deliver to his successor the books, records and other papers belonging to the office, in case of his resignation, removal from office or the expiration of his term, and provides for a penalty in the event he refuses to do so. It is apparent, therefore, that the obligation provided by the statute is not an ordinary duty incident to the office itself, but is a personal duty imposed on the clerk when he has ceased to be an officer. The bond was intended to cover any misfeasance of the clerk during his term of office. It was not a covenant guaranteeing his title to the office or the validity of his acts after his term of office expired. And in the absence of language in the statute making his sureties liable for his failure to turn over the records of his office, we are not inclined to hold that this duty, which the clerk is required to perform after the expiration of his term, is one of the duties covered by the bond. We, therefore, conclude that the case falls within the general rule and that the sureties are not liable. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.