## J. E. RULE v. J. H. TAIT.

1. COUNTY, *Newly Organized; When Officers May Qualify.* County officers elected at the first election held in a newly-organized county may qualify and take their respective offices at any time after the election returns have been canvassed, and within twenty days after receiving official notice of their election.

2. COUNTY TREASURER — *Quo Warranto — Damages — Amount of Recovery.* Where a person is elected county treasurer at such an election, and after the result is declared tenders a sufficient bond to the county commissioners and attempts to qualify, and the county commissioners at first refuse to approve the bond but afterward approve it, and the person holding the office of county treasurer, as well as the commissioners, is responsible for keeping the treasurer-elect out of office, and the treasurer-elect commences an action in the nature of *quo warranto* against the person holding the office, to recover the office and for damages, *held,* that the plaintiff may recover the office and also damages up to the amount of the salary due the office from the time when he tendered his bond to the county commissioners and attempted to qualify, to the time when he recovers the office.

*Original Proceedings in Quo Warranto.*

THE opinion states the case.

*Overmyer & Safford,* for plaintiff.

*W. A. S. Bird,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This is an action in the nature of *quo warranto*, brought originally in this court on November 16, 1887, by J. E. Rule, under article 29 of the civil code, against J. H. Tait, to oust him from the office of treasurer of Sherman county, and for damages. Rule claims that he, instead of Tate, was and is entitled to the office. On November 1, 1887, Tait surrendered the office to Rule, and Rule is now holding the same; hence the only questions now to be determined are: What amount of damages shall be recovered, if any? and, Who shall pay the costs of the suit? We think the evidence introduced on the trial clearly establishes Rule's

right to recover. The town of Eustis was designated as the temporary county seat of the county; three county commissioners were appointed, Rufus R. Edwards, Lemuel J. Gandy, and O. D. Dickey; and J. H. Tait was appointed county clerk. The first election held in that county was held on November 8, 1886. Rule and Tait were opposing candidates for the office of county treasurer, and Rule received a majority of the votes. A partial canvass of the returns was had on November 12, 1886, but no legal canvass was made with respect to the office of county treasurer. Tait, who was the county clerk at the time, and Edwards, one of the county commissioners, examined the returns and found that Rule was elected treasurer, and Tait made out a certificate of election for Rule, but never delivered it. Tait and Edwards also declared Eustis to be elected the permanent county seat of the county, while the other two commissioners declared that Sherman Center was elected the permanent county seat of the county; while in fact no place received a majority of the votes cast, and therefore no place was elected the permanent county seat of the county, and Eustis remained the temporary county seat. These other two commissioners went to Sherman Center and attempted to complete the canvass, and to institute the county government at that place. Rule filed his bond there with their county clerk, who was not the county clerk, and attempted to do business there as county treasurer, and attempted to draw his salary there; but for the purposes of this case, and for reasons which we need not state in full, we think we should treat everything done at Sherman Center as a nullity. The new county commissioners who were elected at that election, and who were in favor of Eustis as the county seat, carried on the county government at Eustis. On November 22, 1886, this new board of county commissioners declared the office of county treasurer vacant, and appointed Tait to fill the vacancy. On December 13, 1886, Tait qualified, and on January 1, 1887, took possession of the office. On April 25, 1887, the full returns of the election held on November 8, 1886, were canvassed by the board of county commissioners in pursuance of

a mandate of the supreme court, when it was found that Rule was duly elected to the office. This was the only legal canvass for that office. On April 30, 1887, Rule filed his bond at the proper place and with the proper officer, and attempted to qualify for the office. The bond was sufficient, but the county board refused to approve the same. Afterward, and on November 7, 1887, the board did approve the same in pursuance of a mandate from the supreme court. On November 10, 1887, Rule demanded the office of Tait, but Tait refused to surrender the same to him, when on November 16, 1887, Rule commenced this action to obtain the office from Tait, and for damages as aforesaid, and on November 21, 1887, Tait surrendered the office to Rule. It appears that the salary for this office during the time Tait held the office, was at the rate of $700 per annum. We find that Rule was in strict right entitled to the office from and after April 30, 1887, when he tendered his bond to the county commissioners and attempted to qualify, and we find that his failure to obtain the office was the fault of Tait as well as the fault of the county board. If a proper canvass of the election returns had been made on November 12, 1886, and if Rule had properly qualified at any time thereafter, and within twenty days after receiving official notice of his election, he would have been entitled to take possession of the office upon such qualification. This, it will be remembered, was not a general election, but was the first election held in the county — a special election — and county officers elected at such an election may qualify and take their offices immediately. We find all the facts necessary for Rule to recover, in his favor, and in addition to awarding him the office which has already been surrendered to him, it is our opinion that he should recover from Tait the whole amount of the salary due the office, and which Tait has received, from April 30, 1887, up to November 21, 1887. We have not stated in detail all the facts which we find to be true, nor do we think that it is necessary.

The judgment of the court will be in favor of Rule, and

against Tait, for the possession of the office, and also for $389, and the costs of suit.

All the Justices concurring.