### Amos A. Fenn v. Otto C. Beeler.

No. 12,064.   (67 Pac. 461.)

SYLLABUS BY THE COURT.

1. Office and Officers—*Rights of Officer de Jure to Salary.* F., the incumbent of a city office, held over and refused to give possession after B., his successor, had been duly elected.   Pending proceedings in the nature of *quo warranto*, begun in this court by B. to oust F., the latter surrendered the office.   B. then brought an action in the district court against F. to recover the salary of the office during the time he had been deprived of it, and thereafter the proceedings in this court were dismissed.   *Held,* that B. was entitled to judgment for such salary, and that section 5154, General Statutes of 1901, had no application to the case.

2. ——— *Other Earnings of Officer de Jure Immaterial.* A public officer is entitled to his salary as an incident to the office, and not by force of any contract.   It is no defense to an action for salary that the person suing earned more than the amount of the same in another employment during the time the possession of the office was withheld from him.

Error from Leavenworth district court; Louis A. Myers, judge.   Opinion filed January 11, 1902.   Affirmed.

*William A. Porter*, for plaintiff in error.
*Atwood & Hooper*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action brought by defendant in error, Beeler, in the district court, on March 10, 1898, to recover from Fenn the salary of the office of treasurer of Leavenworth city from April 15 until December 1, 1897. On April 6, 1897, Beeler was elected to said office but did not get possession until December of that year, the plaintiff in error having refused to surrender possession, holding over under a previous election. It was shown in evidence that an original action in *quo warranto* was begun in this court by Beeler to recover the possession of the office on May 7, 1897 ; that a demurrer to his petition was overruled on December 13, 1897. (*Beeler v. Fenn*, 58 Kan. 818, 51 Pac. 284.) Thereafter, and on December 18, 1897, Fenn surrendered the office to Beeler. The proceedings in *quo warranto* then pending in this court were dismissed at Beeler's costs on April 8, 1899.

The statute regarding proceedings in the nature of *quo warranto* provides : "When judgment is rendered in favor of the plaintiff, he may, if he has not claimed his damages in the action, have a separate action for the damages at any time within one year after the judgment." (Gen. Stat. 1901, § 5154.) The defendant below invoked the above section as a defense to plaintiff's action, and insists that, inasmuch as no judgment was ever rendered in favor of Beeler for the possession of the office in this court in the proceedings referred to, no cause of action accrued to him in the court below for the emoluments of the office. The district court took the view that a surrender of

Fenn v. Beeler.

the office by Fenn to Beeler rendered it immaterial whether there was any judgment of ouster or not. We agree with the trial court in this. The contention of counsel for plaintiff in error, if sustained, would deprive a claimant for office who had brought *quo warranto* proceedings to secure it of the right to recover the emoluments if his action to recover possession was dismissed after a surrender by his opponent. Plaintiff in error does not contend, however, that if Fenn had surrendered the office without suit Beeler might not have recovered the salary which the former received.

The right of Beeler to recover the salary of the office does not depend on section 5154, *supra*. After the surrender of the office all the purposes of the *quo warranto* action were accomplished. Beeler claimed no damages in the action brought by him in this court against Fenn. He brought the present action to recover salary in about three months after Fenn surrendered to him the office, and before the *quo warranto* proceedings pending here were dismissed. The statute permits a successful claimant to an office who obtains a judgment of ouster against the defendant in a proceeding in the nature of *quo warranto* to recover damages in a separate action, brought within a year after judgment of ouster, provided the claimant has not laid claim to damages in the *quo warranto* suit. The right to prosecute an independent action is not affected unless there is judgment for the plaintiff, and he has claimed damages. Here the claimant did not ask damages, and there was no judgment in his favor, hence his right to maintain the present action was nowise obstructed. Section 5154, *supra*, merely extends the time, for one year, to a successful claimant who recovers a judgment giving him possession of the

office, in which he may recover damages for withholding the same, when he neglected to do so in the *quo warranto* action. It can have no application to the facts in this case.

. The defendant below offered testimony to show that Beeler, during the time he was deprived of the office, earned more at the business in which he was engaged than he would have received from his salary as city treasurer. The offer of such testimony was properly rejected. The salary attached to a public office goes to the officer as an incident of his office, not by force of any contract, but because the law gives it to him. Whatever amount the plaintiff below may have earned in another employment could not diminish his recovery of the amount of salary fixed by law or ordinance. (Throop, Pub. Off. § 443.)

The judgment of the court below will be affirmed.

DOSTER, C.J., JOHNSTON, GREENE, JJ., concurring.