A. C. WHEELER V. H. V. LAWRENCE.

No. 16,005.   (99 Pac. 228.)

SYLLABUS BY THE COURT.

1. ELECTIONS—*Contest—Evidence—Estoppel.*   One who is contesting the returns of a canvassing board and produces the county clerk and proves by him, "for the information of the court," what the returns of the board in fact show, does not thereby assert the correctness of such returns, nor is he thereby estopped from proving by a recount of the ballots the true result of the votes cast at the election.

2. ——— *Recount of Ballots—Custody.*   Upon the trial of an election contest, before the ballots returned at the election should be recounted by the court as the best evidence of the result of the election it should be shown that such ballots have been in the ·continuous possession of the officials prescribed by statute, and have been so kept as to render it improbable that they could have been tampered with; but it is not essential that it should be shown that no alteration thereof was possible.

Error from Finney district court; CHARLES E. LOBDELL, judge *pro tem.*   Opinion filed November 7, 1908. Affirmed.

*W. R. Hopkins, Richard J. Hopkins,* and *William. Easton Hutchison,* for plaintiff in error; *Wheeler & Switzer,* of counsel.

*A. H. Hoskinson, R. W. Hoskinson,* and *A. M. Harvey,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: · H. V. Lawrence, as contestant, commenced this action in the district court of Finney county, and in his petition alleged, in substance, that he and the contestee, Wheeler, were, at the general election of 1906, both candidates for the office of county treasurer of Finney county, and that the board · of county commissioners, acting as a canvassing board, thereafter declared the contestee duly elected.   He

further alleged that there were errors and mistakes made by the judges of election in several precincts, and by the canvassing board, to his prejudice, which vitiated the determination of the board, and that he, and not the contestee, was in fact duly elected.

The contestee answered and also alleged that the canvassing board and the judges of election made mistakes and errors in their proceedings to his prejudice, but that he was in fact duly elected to the office. He specially alleged that the board of canvassers failed to count for him the votes legally cast for him in Macks, Eminence and other precincts.

Upon the trial the contestant offered in evidence the result of the canvass by the board of canvassers of the vote in all the precincts of the county except Macks and Eminence, the total of which showed 633 votes for the contestee and 611 for the contestant. Thereupon the attorney for the contestant said to the witness, the county clerk:

"For the information of the court, and on his request, you may give the vote of Macks and Eminence precincts. Ans. Macks precinct, A. C. Wheeler 43, H. V. Lawrence 33; Eminence, Wheeler 38, Lawrence 53."

These votes, added to the former totals, give Wheeler, contestee, 714 votes and Lawrence 697.

In the same connection the attorney for contestant remarked:

"Contestor has made the showing as to the canvass in Macks and Eminence precincts for the information of the court, and not for the purpose of asking that that record be considered as showing the vote actually cast for Mr. Lawrence and Mr. Wheeler."

The court replied: "The court understands the purpose, and you will not be concluded by it."

No objection was made to this arrangement or understanding, yet when the contestant later offered to show that the actual vote of Macks and Eminence precincts differed from the vote as canvassed the contestee ob-

jected, and, his objection being overruled, he now alleges the ruling as error.

We do not think it is error, nor would it have been such even if there had been no understanding as to the purpose for which the vote as canvassed was offered. The contestee says that the contestant offered this as evidence in the case, is bound by it, and can not afterward be heard to dispute it. The pleadings, however, show that there was no dispute as to what the canvassed vote was, and each party specifically alleged that there were mistakes and errors therein. The court could not well determine whether there were mistakes or errors in the canvass without being informed as to what the canvass showed.

The contestant then rested his case, and, a demurrer to the sufficiency of his evidence having been overruled, the contestee then asked the court to canvass the ballots alleged to be from Macks and Eminence precincts as to all candidates on the tickets, for the purpose of testing "the *bona fides* of these ballots," and the court, over the objection of the contestant, proceeded so to do, as it said, for its own information. The count of the court of these two precincts reduced the vote of the contestee 6 votes in Eminence precinct and 4 votes in Macks precinct, a total of 10. It also showed an increase in the vote cast for the contestant of 5 votes in Eminence precinct and 10 votes in Macks precinct.

On the theory of the contestee that any information given the court, no matter for what purpose offered, is binding upon the party producing it, this count would be fatal to the claims of the contestee, but the district court properly rejected that theory, as before said.

The vote of Eminence and Macks townships, being the only ones in controversy, the court proceeded to hear evidence as to the manner in which the ballots had been kept, whose custody they had been in, and whether they had probably been tampered with, and made the following findings relating thereto:

"I have seen no occasion to change my attitude to-

ward either Macks or Eminence precinct, and will pursue the course suggested when I came to you yesterday morning. I will canvass the ballots that were tendered as the ballots from Eminence precinct in the manner in which I did; and will reject the ballots tendered from Macks, and in so doing find specifically that the ballots, after having been counted, were properly strung and sealed with sealing wax, and when presented to the court for consideration they were not so sealed, nor was there any indication of a seal on or about them; and I conclude as a matter of law that the ballots under those circumstances are not better evidence than the declared result, as ascertained and returned by the election officers.

"The result of our labors will be to declare that Mr. Lawrence received 599 votes for the office of county treasurer and Mr. Wheeler 589 votes, and that the contestant, Lawrence, was elected to the office; and such judgment as is proper from the conclusion will follow.

"The court finds the fact to be that each of the individual pouches containing ballots as returned by the judges of the various election precincts to the county clerk were closed at one end with what appears to be ordinary mucilage, and that they were easily capable of being opened and resealed.

"The court finds the fact to be that as to Eminence and Macks precincts, after the ballots were placed in the custody of this court as a part of the record in this case it was easily possible for unauthorized persons to get access to them and tamper with them; that in the instance of Eminence precinct there is no evidence or indication of such tampering, and the court concludes as a matter of law that to challenge the sanctity of the ballots the possibility of tampering will not be sufficient, but that specific and actual evidence is necessary to destroy their value as evidence of the highest character.

"The court finds the fact to be that all of the pouches containing ballots introduced in evidence in this case, with the exception of those relating to Eminence and Macks precincts, were opened and the ballots therein counted by the contest court. The court finds no indication of tampering on or about the ballots, nothing in their physical condition to suggest a condition now at variance with their condition when they were returned

to the county clerk by the contest court, although from the evidence offered such tampering might have been possible."

We have read the evidence on this subject and conclude that the findings of the court are as favorable to the contestee as the evidence warrants.

The contestee contends that the findings of fact relating to the custody of the ballots from Macks precinct excludes that vote from the count as a proposition of law; that it devolved upon the contestant to show that the ballots had been so kept that there was no possibility of their having been tampered with. It is sufficient to show that they had been in the continuous possession of the officers prescribed by statute, and had been so kept that it is improbable that they had been tampered with. (See *Hudson v. Solomon*, 19 Kan. 177; *Dorey v. Lynn*, 31 Kan. 758, 3 Pac. 557; *Ogg v. Glover*, 72 Kan. 247, 83 Pac. 1039.)

The judgment in favor of the contestant is affirmed.