H. V. LAWRENCE, *Appellee*, v. A. C. WHEELER, *Appellant*.

No. 18,043.

SYLLABUS BY THE COURT.

1. OFFICER—*Defeated in Final Contest—Not a De Jure Officer.*
Under the undisputed facts of this case the appellant was not
holding the office of county treasurer, during the time he re-
ceived the salary of such office, as an intruder or in violation
of law, but was holding it in accordance with a certificate of
election and a judgment of a court of competent jurisdiction,
the execution or operation of which judgment was not stayed
but which judgment was in full force and effect. He was not,
however, the *de jure* county treasurer.

2. ―――― *Rights of De Jure Officer to Salary—Less Certain
Deductions.* The appellee is therefore entitled to recover the
amount of the salary which appellant received as such officer,
less the amounts actually and necessarily paid out by him for
clerk hire and in transacting the business of the office.

3. ―――― *Same.* The appellant is entitled to no compensation
for his own services in the office nor any deduction for profits
or earnings which the appellee may have acquired during the
time appellant withheld the office from him.

Appeal from Finney district court; GORDON L. FIN-
LEY, judge *pro tem.* Opinion filed November 8, 1913.
Reversed.

*W. R. Hopkins,* and *Richard J. Hopkins,* both of
Garden City, for the appellant.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Gar-
den City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: At the time of the general election in No-
vember, 1906, the appellee, Lawrence, then holding the
office of county treasurer of Finney county by a former
election, was a candidate for reëlection, and the appel-
lant, Wheeler, was his opponent. On the canvass of
the votes it was determined that Wheeler had received

the greater number of votes and a certificate of election was issued to him and he duly qualified as county treasurer. Lawrence contested the election before the county contest board, which resulted in a judgment for Wheeler. The judgment was afterwards affirmed in the district court of Finney county, and an appeal was taken to this court by Lawrence to reverse such judgment but no application for stay of the judgment was made. When the tax roll was made up the board of county commissioners caused it to be placed in the hands of Wheeler as county treasurer. All the other records of the treasurer's office were in the possession of Lawrence in a room occupied by him as county treasurer during his term of office. Wheeler demanded of Lawrence the money, books and papers in his hands as county treasurer, which demand was refused. The county attorney thereupon brought an original action in mandamus in this court to compel Lawrence to turn over the money, books and records in his office to Wheeler as treasurer. The decision in that case is found in *The State v. Lawrence,* 76 Kan. 940, 92 Pac. 1131. The judgment prayed for by the county attorney was rendered in this court. The syllabus in the case reads:

"Where the title to the office of county treasurer has been determined by the district court on proceedings in error from a contest court, and the execution of such judgment is not stayed, the state may, upon the relation of the county attorney, maintain mandamus to compel the delivery of the money, books and records of the office to the person so adjudged to be elected, although the defeated party in the contest is prosecuting proceedings in error in this court from such judgment."

Thereafter the appeal of Lawrence from the judgment of the district court in the contest case was heard in this court and the judgment of the district court was reversed. (*Lawrence v. Wheeler,* 77 Kan. 209, 93

Pac. 602.) By that decision the case was remanded to the district court, and a trial thereon resulted in a judgment in favor of Lawrence. An appeal was taken by Wheeler to this court and the judgment of the district court was affirmed. (*Wheeler v. Lawrence,* 78 Kan. 878, 99 Pac. 228.) Upon the rendition of the latter judgment Lawrence demanded of Wheeler the money and records of the treasurer's office, which demand Wheeler complied with and turned over the office to Lawrence. Thereafter Lawrence brought this action in the district court of Finney county to recover from Wheeler the amount of salary which Wheeler had received during the time he had occupied the office of county treasurer in accordance with the judgment of this court in the mandamus case. Lawrence recovered judgment in the district court for the aggregate sum of $1131.36, with interest on each of the four payments of salary, which aggregated that sum, from the times such payments were made. Wheeler appeals from this judgment to this court. This is the fourth time we have been called upon to determine questions arising out of this controversy.

The appellee cites *Comm'rs of Saline Co. v. Anderson,* 20 Kan. 298, *Rule v. Tait,* 38 Kan. 765, 18 Pac. 160, and *Fenn v. Beeler,* 64 Kan. 67, 67 Pac. 461, in support of his contention that he is entitled to the entire salary of the office during the entire time he was deprived thereof. This is undoubtedly the correct rule where one illegally usurps the office to which the one duly elected thereto is entitled. Wheeler, however, did not intrude himself into the office or receive the salary thereof without authority of law, but under and in accordance with the judgment of this court as well as the judgment of the district court of Finney county and the county contest board. Had Lawrence, upon his appeal from the decision of the district court, stayed the operation of the judgment as provided by

law, this court might have held in the mandamus case, to preserve the *status quo* in the contest case, that Lawrence was entitled to hold the office until it was judicially determined otherwise; but he did not elect so to do, and with the judgment in full force and effect refused the demand of Wheeler to surrender the office. Wheeler was not a party to the mandamus action; it was brought by the county attorney in the interest of the public, for the reason, probably, that there was confusion in the business of that office, there being two claimants thereto.

In *Rule v. Tait,* supra, an officer was allowed to recover the full amount of the salary, but there no question of any deduction was presented. Moreover, the defendant in that case was a mere intruder without color of right, and probably would not have been entitled to any reduction. By the weight of authority one who performs the duties of an office under a claim of right, made in good faith and upon reasonable grounds, will be required to account to a successful claimant only for its net proceeds. The following are illustrative expressions approving this view:

"There is . . . strength in the contention that a trespasser may not set off the expense he incurred in executing the trespass. It has been held, in a well-considered case, there can be no deduction for the personal services of the intruder. *People v. Miller,* 24 Michigan, 458. It was said in that case, however, that 'There may be reason for deducting from any official earnings the actual cost of obtaining them which would have been entailed on any person who might have held the office.' This may be said of the expenses in controversy in the case at bar. *Mayfield v. Moore,* 53 Illinois, 428, is the leading case which sustains the right to deduct such expenses. This case is followed by others in the same court and the same view has been announced by other courts. We think they express the correct rule. It makes the measure of recovery the extent of the injury, and the injury, it is clear, is not the gross earnings of an office, but such earnings less, to

Lawrence v. Wheeler.

use the language of Mr. Chief Justice Campbell in *People v. Miller,* supra, 'the actual cost of obtaining them which would have been entailed on any person who might have held the office'." (*Albright v. Sandoval,* 216 U. S. 331, 341, 54 L. ed., 502, 509.)

"Nearly all the cases recognize that the *de facto* officer, acting in apparent right, when sued by a *de jure* officer for the fees and emoluments of the office, may retain the reasonable expenses incurred in earning them." (Note, 54 U. S. Sup. Ct. Rep., L. ed., 502, 503.)

"A *de jure* officer who has been kept out of his office by an intruder may recover in an action on the case against such intruder all the profits of the office which he would have received had he exercised the office, less the necessary expenses of earning them." (Note, 32 Am. St. Rep. 236.)

"Where a public officer is wrongfully excluded from his office, the measure of damages is the amount of his salary during the period of exclusion, deducting, however, if the defendant acted in apparent right and good faith, his reasonable expense in earning it." (2 Sedgwick on Damages, 9th ed., § 569.)

It is sometimes said that a deduction for expenses may be made against fees, but not against salary. (*Bier v. Gorrell,* 30 W. Va. 95, 3 S. E. 30.) But the real distinction is that a deduction may be made for money necessarily paid out, but not for the personal services of the *de facto* officer. Expenses will rarely be incurred in earning a salary, but often in earning fees. But if, in order to discharge the duties of an office, it is necessary to employ assistance, no reason is apparent why this should not be taken into account in determining the net returns of an office.

In *Fenn v. Beeler,* 64 Kan. 67, 67 Pac. 461, one who had wrongfully held an office and collected the salary attempted to show, when sued by the rightful claimant, the amount the plaintiff had received for his services elsewhere during the time he was deprived of the office.

43—90 KAN.

His offer was refused. That ruling could doubtless have been justified upon the ground that the defendant was without color of right. The reason given was that the salary attached to a public office goes to the officer, as an incident of his office, not by force of any contract, but because the law gives it to him. That reason applies where the action is against the public body of which the plaintiff is an officer (*Reising v. City of Portland,* 57 Ore. 295, 11 Pac. 377; *Wynne v. City of Butte,* 45 Mont. 417, 123 Pac. 531), but has less force in a case like the present. In an action between individuals where the recovery is measured by the actual injury suffered, a deduction for incidental benefits seems not unreasonable. In the present case, however, no claim of that character is made.

The appellant, however, contended in the trial court that while he was holding the office under the judgment of the district court, he was the *de jure* as well of the *de facto* county treasurer. He could not consistently unite with this claim a claim for expense incurred in conducting the office. The law (Gen. Stat. 1909, § 3656) does not authorize the allowance by the board of county commissioners of any sum for clerk hire to county treasurers of counties of the then population of Finney county. If the county treasurer employed a clerk it devolved upon him to pay such assistant. That he claimed more than he is entitled to should not have debarred him from a just claim included therein.

In his appeal here the appellant acquiesces in the judgment that appellee is entitled to the salary pertaining to the office, but contends that the judgment should be only for the sum remaining after deducting therefrom the actual and necessary expenses incurred in conducting the business. As we have seen this is the true measure of damages, interest being allowed on such balance.

The judgment is reversed. The amount recoverable is the salary received, less the amount, if any, which the appellant necessarily and actually expended in conducting the office. No allowance is to be made for his own services therein nor any deduction for any profits or earnings the appellee may have secured in other business during the time. If not determined by agreement of the parties a new trial should be granted by the court for the purpose only of determining what credits the appellant may be entitled to.