No. 26,643.

MARY JANSKY, *Plaintiff*, v. CLARE BALDWIN, *Defendant*.

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*Jurisdiction of Appellate Court—Allowance of Costs.* In an action for quo warranto, original in this court, the court may allow to a successful plaintiff a judgment for costs, attorneys' fees, and such other items of expense as are immediately incident to the action of quo warranto.

2. SAME—*Jurisdiction of Appellate Court—Claim for Damages.* When, in an action for quo warranto, plaintiff seeks to recover damages, other than costs or expenses immediately incident to the action, the action should be brought in the district court—a court having jurisdiction both of quo warranto, and actions for damages. If such an action is brought in this court, the claims for damages, other than those necessarily incident to the action in quo warranto, will be disregarded.

Original proceeding in quo warranto. Opinion denying a rehearing filed April 10, 1926. (For original opinion see *ante*, p. 332.)

*D. M. McCarthy, L. E. Weltmer*, both of Mankato, and *J. M. Livingood*, of Belleville, for the plaintiff.

*W. D. Vance, R. E. McTaggart*, both of Belleville, *Charles L. Hunt, Frank C. Baldwin* and *C. J. Putt*, all of Concordia, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: A rehearing is asked on the question of damages. In the petition in this case it was alleged: That in July, 1925, defendant brought a mandamus action against this plaintiff in the district court of Republic county to compel this plaintiff to surrender to him the books, records, etc., of the office, and obtained a peremptory writ, and that this plaintiff had been compelled to pay costs, attorneys' fees and other expense in that action in a sum named. In this case plaintiff claimed damages, generally speaking, for three items: (1) Expense she had paid in the mandamus action; (2) a sum equal to the salary of the office from July 6, 1925, until plaintiff should be restored to the office; and (3) costs and expense, including attorneys' fees for plaintiff in this action. Thinking the reasons for our action would be sufficiently understood, the matter was disposed of by a court order, allowing item 3 but disallowing items 1 and 2. We concede now that it would have been better to have treated the question of damages in the opinion, which we shall now do.

Courts, 15 C. J. pp. 992 n. 59, 1063 n. 30, 33. Quo Warranto, 32 Cyc. pp. 1413 n. 6, 1465 n. 30, 1467 n. 55.

Under our constitution (art. 3, § 3) this court has original jurisdiction in quo warranto, but has only appellate jurisdiction in an ordinary action for damages for a money judgment. This original jurisdiction is in quo warranto, as understood at the time our constitution was adopted, and cannot be enlarged or decreased by statute. (*State, ex rel., v. Wilson,* 30 Kan. 661, 2 Pac. 828; *State v. Brewing Association,* 76 Kan. 184, 90 Pac. 777.) In an original quo warranto action this court may make such orders as are necessary to preserve its jurisdiction and make its decree effective, and may tax the costs and expenses incident to the action, for these are but the exercise of ordinary judicial functions, and may, perhaps, in a proper case require a defendant to pay plaintiff such damages as directly result from defendant's continued wrongdoing pending the action. But it is not necessary for us to pass upon this last point in this case; it is suggested by damages said to be recoverable in an original proceeding in mandamus in *Larabee v. Railway Co.,* 85 Kan. 214, syl. ¶¶ 5, 6, 7, 116 Pac. 901, and the similarity between our statute as to damages in mandamus (R. S. 60-1710) and in quo warranto (R. S. 60-1603, 60-1604).

Under our code quo warranto is a civil action (R. S. 60-1601). Both this court and the district courts of the state have original jurisdiction (R. S. 60-1603). When the action is brought by a person claiming title to an office, he may also claim and recover damages (R. S. 60-1603, 60-1604), or he may bring a separate action for damages (R. S. 60-1607). Naturally, if he brings a separate action for damages it must be brought in the district court, for this court has no original jurisdiction in such an action. Neither can it be given jurisdiction of the cause of action for damages by joining it with an action in quo warranto. It necessarily follows, if one desires to bring an action in quo warranto and join with it an action for damages other than costs, expenses, etc., of the action in quo warranto itself, he must bring the action in the district court, a court having original jurisdiction of both kinds of actions. Even in mandamus, damages prior to the issuing of the alternative writ, cannot be allowed in an original action in this court. (*Larabee v. Railway Co.,* supra.)

Now, taking up the items claimed which were disallowed by the court order in this case: Item 1, the expenses paid by plaintiff in the mandamus proceeding. They were paid before this action was

brought; they were not caused by this case, neither did they grow out of it in any way, and they cannot be recovered in this case. Indeed, it is difficult to see how plaintiff can recover them at all, but that question is not before us and we shall not decide it.

Taking up item 2, the salary of the office from the time defendant took possession thereof to the time plaintiff is restored thereto. This falls into two parts; first, salary for the month of July, 1925, paid to defendant; and second, salary since August 1, which the county has not paid to either party. As to part *first*, this was paid on a voucher presented August 1, before this action was filed August 5; it is not an incident to this action; did not grow out of it in any way, and cannot be allowed in this case. It seems that, in a proper action brought in a court having original jurisdiction of actions for damages and for a money judgment, this plaintiff should recover from defendant all of this part of this item which plaintiff would not have been compelled to pay had she been in charge of the office, under the rule announced in *Lawrence v. Wheeler*, 90 Kan. 669, 136 Pac. 315, and cases there cited; but this is not a proper court in which to try such matters originally, and we shall not attempt to pass upon it. As to part *second*, the salary of the office since August 1, 1925, the county has not paid this to either party; and since this has not been received by defendant, it would be inequitable for this court to give plaintiff a judgment against defendant for it, even if the court had authority to do so. No reason suggests itself why plaintiff cannot recover this from the county. (*Whitaker v. Topeka*, 9 Kan. App. 213.)

Our attention is directed to *Rule v. Tait*, 38 Kan. 765, 18 Pac. 160, as opposed to the conclusion we have reached here. The question of the jurisdiction of this court in an original action in quo warranto to entertain a claim for damages—other than those incident to the action in quo warranto—appears not to have been considered in that case. To the extent it appears to conflict with the conclusion here reached it is disapproved.

The motion for rehearing will be denied, but in any controversy arising over items 1 and 2 they should be considered as though a claim for them had not been joined with the petition for quo warranto in this case.