## MILTON MAYFIELD

*v.*

## SYLVESTER L. MOORE.

1. OFFICER—*right to recover the fees and emoluments received by acting without title.* The legal right to an office confers the right to receive and appropriate the fees and emoluments legally incident to the place. So, if a person, without legal right, assumes to perform the duties of an office, and receives the fees and emoluments thereof, he will be liable in an action for

money had and received to him who holds the legal title, for the amount so received, deducting therefrom, however, the reasonable expenses of earning the same, where the person receiving the fees acted under an apparent right, and in good faith.

2.  Nor will the recovery in such case, by the party having the legal title to the office, be limited to such fees as might be received after his right is judicially determined, but his right of recovery will embrace all fees received from the time his title accrued.

3.  In this case, upon the canvass of the votes polled at an election for the office of sheriff, a certificate of election was issued to the person supposed, by the canvassers, to be elected, who, upon reccieving his commission, entered upon the performance of the duties of the office, and received the fees and emoluments thereof.  Subsequently, a competing candidate for the office instituted proceedings, under the statute, to contest the election, which resulted in a judicial determination that he was legally elected, and he was commissioned accordingly.  In an action of assumpsit brought by the successful contestant against the person who had assumed to hold the office without legal right, to recover the fees and emoluments received by the latter, it was *held*, the plaintiff was entitled to recover, not only such fees as the defendant had received after it was judicially ascertained he was not entitled to the office, but all the fees he had received from the time the plaintiff's title accrued.

4.  But, inasmuch as the person who assumed to exercise the functions of the office without legal title, did so in apparent right, having his certificate of election and commission, and it not appearing he had acted fraudulently in respect thereto, he was allowed to deduct from the fees received by him his reasonable expenses incurred in earning them.

APPEAL from the Circuit Court of Morgan county ; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. KETCHAM & DELEUW, for the appellant.

Messrs. McCLURE & STRYKER, Mr. HENRY CASE and Mr. H. E. DUMMER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of assumpsit, brought by appellant, in the Morgan circuit court, against appellee, to recover fees received

by the latter as sheriff, and collector of the State, county, and other revenue. It appears that, on the sixth of November, 1866, appellant and appellee were opposing candidates for the office of sheriff of Morgan county, in this State. On a canvass of the vote of the county, a certificate of election was given to appellee, who afterwards received a commission, and entered upon and discharged the duties of the office, from the seventeenth day of November, 1866, till the thirteenth day of January, 1868. Soon after the canvass of the vote was had, appellant gave appellee notice that he should contest the election, upon the ground that illegal votes were cast for appellee more than sufficient to change the result, and give appellant the office.

Justices of the peace were selected in the mode pointed out by the statute. A trial was had, which resulted in favor of appellant, and finding him, on the evidence adduced, to be entitled to the office. From this decision, appellee removed the case to the circuit court of Morgan county, by appeal. A trial was there had, with a similar result. To reverse the judgment of the circuit court, appellee sued out a writ of error to the supreme court, which was subsequently dismissed by the court, and appellant was duly commissioned, and entered upon the duties of the office. He then brought this suit to recover the fees and emoluments of the office received by appellee while acting as sheriff. A trial was had in the court below, where appellant recovered a judgment for thirty-four dollars fifty-five cents, the amount of fees received after the rendition of the judgment by the circuit court, and before the office was surrendered to appellant.

On the trial below, appellant offered to prove to the jury the sum of money received by appellee while he exercised the office, as fees, allowances, and emoluments, but on the objection of the attorneys for appellee, the court refused to permit the proof to be made, and confined him to the receipt of fees, commissions and profits which were received after the decision of the case by the circuit court. This ruling of the circuit court

is urged as ground of reversal, and is the point upon which the whole controversy turns.

It is urged by appellant, that, he being entitled in law to the office, the fees and emoluments incident to it followed the title, and were vested in him, on the familiar rule that, where one person has received the money which, in equity and good conscience, belongs to another, he may sue for and recover the same in an action for money had and received. We presume it will not be questioned that the legal right to an office confers the right to receive and appropriate the fees and emoluments legally incident to the place; that, when such an officer performs the duties of the office, he may demand and receive the compensation allowed by the law. It can not be that, in such a case, another person can legally claim such compensation. An officer, having rendered services, is as fully entitled to the compensation fixed by law as is any other individual entitled to a reasonable compensation for labor and skill rendered for an individual. The fees and emoluments are legally his.

We also find that the authorities have gone still further, and held that where a person has usurped an office belonging to another, and received the accustomed fees of the office, money had and received will lie at the suit of the person entitled to the office, against the intruder. *Aris* v. *Strekely*, 2 Mod. 260; 1 Sel. Nis. Pri. 68. The same rule was announced and enforced in the case of *Croskie* v. *Hurley*, 1 Alcock & Napier, 431. In this last case there was a contest as to the title to the office, and the person recovering the title to it sued the other who had acted, and recovered the fees and emoluments received while in possession and exercising the duties of the place. The same rule has been adopted in this country, and seems to be based in common law rules.

It is said by BLACKSTONE, in his Commentaries, Vol. 2, p. 36, that offices are a right to exercise a public or private employment, and to take the fees and emoluments thereunto belonging, and are also incorporeal hereditaments, whether public, as those of magistrates, or private, as baliffs, receivers, or the like; for

a man may have an estate in them, either to him and his heirs, or for a term of years, or during pleasure only; save only that offices of public trust can not be granted for a term of years, especially if they concern the administration of justice, for then they, perhaps, might vest in executors or administrators. Thus, it is seen that the right to the fees and emoluments are stated to be co-extensive with the office. This is undoubtedly correct, as it is analogous to every other thing capable of ownership. No principle of law can be clearer than that the owner of lands or chattels is entitled to the products, increase or fruits flowing from them. The fees of an office are incident to it as fully as are the rents and profits of lands, the increase of cattle, or the interest on bonds or other securities.

A person owning any of those things is, by virtue of such ownership, equally entitled to the issues and profits thereof as to the thing itself. If, then, appellant was the owner of and held the title to the office of sheriff, he was as clearly invested with the right to receive the fees and emoluments. They were incident to and as clearly connected with the office as are rents and profits to real estate or interest to bonds, and such like securities. See *Glascock* v. *Lyons,* 20 Ind. 1; *Petit* v. *Rosseau,* 15 Louisiana, 239; *Daney* v. *Smith,* 28 Cal. 21, and *The People* v. *Tiernan,* 30 Barb. 193. We think that, on both reason and authority, appellant is entitled to recover the fees and emoluments arising from the office while it was held by appellee.

It is, however, urged that appellee surrendered the office as soon as it was finally judicially determined that appellant was entitled to it, and is, therefore, not liable to account for any fees but those received after the circuit court decided the case on appeal from the three justices of the peace. This is not a question of intention, but a question of legal title to the sum in dispute. Under the law, so soon as a majority of the votes were cast for appellant, at the election held in pursuance to law, he became legally and fully entitled to the office. The title was as complete then as it ever was, and no subsequent act lent the least force to the right to the place. The commission was

evidence of the title, but not the title. The title was conferred by the people, and the evidence of the right by the law.

Nor can it be successfully claimed that appellee was not in the wrong. He was bound, before entering upon the discharge of the duties of the office, and the receipt of its emoluments, to know whether he had title. His position was the same as a person who, having a defective title to a tract of land, and enters into possession, and the receipt of the rents and profits. He entered at his peril. Nor do we perceive any hardship. After the vote was canvassed by the clerk and a justice of the peace, appellant promptly gave appellee notice that he would contest the election, and specifically pointed out the grounds. Being thus apprised of the grounds upon which appellant based his claim, the sources of information were open to him to learn the facts, and to have acted upon them. Failing to learn them, or having done so, not heeding them, he has no reason to complain if he has to respond to the wrong perpetrated upon another. He has intruded into appellant's office without right, and has received the profits of the office, and, like the person entering into the land of another with a defective title, he must answer for the profits.

Inasmuch, however, as appellee obtained the certificate of election, and a commission was issued to him, he was acting in apparent right, and, so far as this record discloses, he resorted to no fraudulent or improper means to produce that result ; he does not occupy the position he would had he resorted to such a course. He should only be required to account for the fees and emoluments of the office received by him, after deducting reasonable expenses in earning them. This being an equitable action, it should be governed, in this respect, by the same rules that would obtain had this been a bill for an account, instead of an action for money had and received. He should have only a reasonable allowance for the necessary expense in earning the fees and emoluments. Had he intruded without pretense of legal right, then a different rule would, no doubt, have been applied.

28—53RD ILL.

In adopting the time when the circuit court decided that appellant was entitled to the office as the period from which he was entitled to have the fees and emoluments of the office, the circuit court erred. That decision was no more potent to confer the right to the office than was the decision of the three justices of the peace. It, as we have seen, was not the decision, but the vote of a majority of the electors of the county, that conferred the right. The court, on the evidence, found and declared the title, but did not confer it. We have seen that appellant was entitled to the office and its emoluments from the time appellee entered into it, and became liable to account for them from that date until he ceased to act and receive the fees and perquisites of the office.

The judgment of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*