## The City of Lansing v. John Van Gorder.

*Liability of municipal corporations for misappropriation of a special fund : Common council the legislative body of city.* Where, under the provisions of a city charter a contractor is only payable out of a particular fund, the city will be liable to him if that fund is misappropriated by the common council.—*Chaffee v. Granger, 6 Mich., 51.*

The council is the legislative body of the city, and it is acting as such not less when levying a special assessment than when imposing the ordinary taxes.

*Heard April 6. Decided April 10.*

Error to Ingham Circuit.

*A. E. Cowles* and *John D. Conely,* for plaintiff in error.

*Dart & Wiley,* for defendant in error.

COOLEY, J.

Van Gorder was contractor with the city of Lansing for grading one of its streets, the expense of which was assessed upon the adjoining proprietors. Under the charter, and by the express terms of the contract, Van Gorder was to be paid from the fund realized from this special assessment.

The assessment was levied, collected and paid over to the city treasurer, and Van Gorder performed a large portion of the work under his contract and received the larger portion of the . contract price, when the common council, being dissatisfied with his progress, employed another person to complete the work, and paid him from this fund, thereby nearly exhausting it. Van Gorder then sued the city.

The verdict of the jury settles the right of Van Gorder to be paid. The only question is, whether the city at large is liable to make the payment. It is contended, on the part of the city, that in respect to such local improvements, and the assessments to pay for the same, the common ouncil do not act for the whole city, but as agents on the

one side for the owners of the property benefited in making the contract for the work and supervising its construction, and on the other for the contractor in levying, collecting and paying over the assessment; and if the common council are guilty of any wrong to their principals, or any misappropriation of moneys, the city cannot be held liable therefor.

We think this argument wholly mistakes the position of the council. The council is the legislative body of the city; and it is acting as such not less when levying a special assessment than when imposing the ordinary taxes. The improvement does not belong to the parties assessed, but to the public at large; and it is made from considerations of the general benefit. The cost is levied upon the adjacent property because such property receives the larger portion of the benefit from enhanced values, and therefore is thought to embrace the proper limits for an assessment district; but if the whole city had been made such district, the character of the work, its use and its proprietorship, so far as there can be said to be any, would have been the same as now. So far are the owners of the land taxed from being principals of the council which taxes it, that they are not even suffered to decide for themselves that they will have the improvement; but the council, looking to the needs of the whole city, orders it, and then imposes the cost upon a few, though the advantages of the street are received by all. The few thus taxed may well deny the agency of those who are first set over them by the votes of all, and who then tax them for the benefit of all.

When the parties assessed have paid the tax levied upon them, they have performed their whole duty and discharged their entire liability. The duty then devolves upon the city, through its common council, to see that the money is properly applied. This court held in *Chaffee v. Granger*, *6 Mich., 51*, that where under a city charter a contractor

was only payable out of a particular fund, the city would be liable if that fund was misappropriated. And in *Sheldon v. The Village of Kalamazoo, supra,* we have decided that a city will be liable for a tort committed by its ministerial officers under the direction of its legislative body. These principles are applicable to the present case. The jury having determined that Van Gorder was entitled to the money is dispute, and the common council having ordered it to be paid over to another, the city is liable for the amount. The parties assessed cannot be compelled to pay a second time, nor ought they to be. But Van Gorder was entitled to his pay from some source; and as the money raised for him has been misappropriated by a corporate act, the corporation must ·make it good to him.

The judgment must be affirmed with costs.

GRAVES and CAMPBELL, JJ. concurred.

CHRISTIANCY, CH. J., did not sit in this case.