A. P. CURREY *v.* MARCUS J. WRIGHT *et al.*

SHERIFF. *Contest. ·Fees.* W was inducted into office of sheriff. C contested his right to the office. The contest was decided in favor of C. W had collected a part of his uncollected fees, to the clerks of the several courts for indebtedness. Upon bill filed by C, *held,* that the fees in specie belonged to C, and as to the fees earned by W and not reduced to possession, C was entitled to recover against the assinees.

---

FROM SHELBY.

---

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

W. M. SMITH and W. M. RANDOLPH for complainant.

H. C. KING, J. O. PIERCE and CLAPP & BEARD for defendant.

FREEMAN, J., delivered the opinion of the court.

In 1870 Currey and Wright were candidates for the office of sheriff of Shelby county. A contest as to the right to the office was had between them before the county court, when Wright was inducted into office. A bill was then filed by Currey under section 3409, and sub-sections, in the county court, enjoining Wright from exercising the functions of the office, and soon after this, Wright filed a similar bill, and obtained an injunction against Currey, and on motion before the court, had the injunction granted in favor of

Currey dissolved. The contest then went on between the parties—Wright being in possession of the office under these proceedings until July, 1872—when this court decided in favor of complainant, and ousted Wright from the office, and gave it to Currey.

Thereupon, on the 31st day of August, 1872, the present bill was filed against numerous parties, seeking to have an account of, and to recover the fees and emoluments of the sheriff's office which had accrued during the period of Wright's occupation. The main matters as between Wright and sureties on several bonds given during the proceedings referred to, have been disposed of, and are not appealed from, nor before us on the present record.

The only questions presented by the present appeal, arise between the clerks of three of the courts of Shelby county, who are made defendants, and are required to render an account of such fees as have been received by them, in their respective offices, as were due said Wright, by virtue of his office as sheriff. In addition, there is a claim adjudged in favor of a number of parties, claiming to have acted as deputies of said Wright, who have intervened in some way, and have had decreed to them satisfaction in this proceeding of their claims, or assumed claims against Wright, in preference to the claims of complainant Currey.

It is proper to say, that a considerable sum of these fees, were found in the hands of the clerks, and otherwise due Wright for services rendered while executing the office of sheriff, and the contest is now narrowed to the question, as to whether complainant,

or the clerks mentioned, and assumed deputy sheriffs, who were appointed and employed by him, shall have this fund?

The theory of the bill is, that the fees, and per-quisites of the office went to the party legally entitled to the office, and so the prayer is for an account of all fees received, or earned during the incumbency of Wright. Wright, himself, and the other parties, have submitted to the decree. The clerks claim the right to retain fees in their possession and accruing in their respective courts, by virtue of assignments transferring them to them, made by Wright in consideration of the fact, that Wright, while acting as sheriff had, by virtue of his office, collected large sums in the shape of fees due these clerks, and had failed to pay or account for the same.

They further claim to set-off the amount due from them, as fees collected for Wright, against complain-ant's claim. This last ground we do not understand to be very seriously urged, and cannot be sustained if urged, provided the theory of the bill be correct, that is, that the identical fees earned by Wright, belong to complainant as the party rightfully entitled to the office. If the fees are complainant's, and were his when earned, then it could not be, that a debt due from Wright for monies collected for these clerks, would constitute any proper basis of set-off, as against complainant's claim and recovery, as sought in this proceeding.

The question is, whether the claim of complainants is maintainable? Is a party who has been wrongfully

excluded from the possession of an office, when his right has been asserted, and he put into possession, entitled to the specific fees earned by the wrongful incumbent, as his own property or money, precisely as if he had been in the exercise of the functions of the office, had rendered the legal services and thereby had himself earned the specific fees claimed?

We are not aware that this precise question has been before this court for determination. The argument of one of complainant's counsel involves the concession, that his claim is as we have stated, for he insists that Wright " could not assign more than he possessed," and that the " fees of the office did not belong to him, but to Currey, and of course he could not assign them to respondents." Complainant's claim, must of necessity, rest on this ground, for if it was only for damages . against Wright, to be ascertained and measured by either the amount of fees received, or the amount of fees, less value of his services in earning them, there could be no claim to any particular fees in specie, and the assignment of Wright would carry them, the complainant being only entitled to his personal recovery against Wright, the amount to be ascertained by the one standard or the other we have mentioned—or at any rate, by some proper measure; but still this would not give any claim on the particular fees in specie, however his damages might be measured.

The case of *Memphis* v. *Woodward,* 12 Heis., 499, was a suit against the city to recover a salary fixed by law. Lynch had excluded Woodward from the

office, by virtue of an injunction. When the right of Woodward was declared by this court, he brought suit against the the city for the salary, on the ground that he was, at all times, ready and willing to perform the duties of the office. It was held that he was entitled to recover—the Chief Justice delivering the opinion—puts the case mainly on these grounds: First, that Woodward's claim to the salary followed his title to the office, and no payment to another of money that belonged rightfully to the claimant, could, although made under an erroneous order of court, operate as a payment or satisfaction of his claim. Second, that the injunction did not require the payment of the salary to the wrongful claimant. This case may stand on the ground of a wrongful payment made by the city—and its duty to pay only to the rightful claimant. But whether rightly ruled we need not now stop to inquire. It does not raise the question now before us, nor could it decide it.

The suit was, in that case, against the party owing the salary, by the officer who was legally entitled to the office. This is a suit against the wrongful incumbent who has entered upon the office without lawful authority for an account of the fees received, and as between the appellees before us, is a claim to have the specific fees earned paid over to complainant, on the ground that they are the property of complainant. If the suit had been against the parties who had paid them to Wright, the cases would have had more similarity, the only difference being, that in the one case it was a fixed salary—the other—adjudged costs and fees.

We find numerous cases in which the suit was against the intruder for damages. Some holding, that where there was a fixed salary, the measure of recovery was the amount of the salary which the party excluded would have received, had he been in office: *People ex rel Benoit* v. *Miller*, 24 Mich., 458; 9 Am. R., 131: *United States* v. *Addison*, 6 Wallace R., 291. And where there are fees and perquisites, some cases hold, that the measure of recovery is the fees of office less the expense of earning them by the *de facto* officer, where he had made claim to the office in good faith. See *Mayfield* v. *Moore*, 53 Ill., 428; 5 Am. R., 52. We need not undertake to review the cases, or reconcile the real or apparent conflict found in them. We can only endeavor to reach the best conclusion possible on the particular question before us.

The case is, Wright had wrongfully got possession of the office of sheriff under color of law. While acting in that office he had earned fees, which were collected or received in the usual course of their official actions by the clerks of the courts. The clerks were bound to account for and pay over these fees to Wright on his demand. The complainant would have earned these fees had Wright not entered upon the office. As between Wright and complainant, who has the better legal right?

After much consideration, we conclude that as to fees earned, but not reduced to possession, the rule that shall give the rightful officer such fees will best reach the practical justice of the case. The principle on which part of a salary unpaid, though earned by

the wrongful incumbent—in the case of *Dolan v. Mayor,* 68 N. Y., 283—was adjudged to the rightful claimant of the office, after his right had been declared, sustains this ruling. The court says: " We think it may be consistently held, that the plaintiff may treat the services as having been rendered by Keating for him, and may recover the unpaid salary on that assumption." While this is .not the fact, and it would be better to say simply that because of the wrongful exclusion of complainant, the other party shall not be permitted to assert any claim growing out of his wrongful act, and as between a wrong-doer in such a case, and rightful claimant, the latter has the superior right. This is not sustainable on any logical theory based on the facts of the case, but it is sound, practical justice, nevertheless.

The legal logic of the case would probably be, that the party who had done the wrong, was liable to respond personally .in damages to the party wronged, and this was a personal demand to be ascertained by a court and jury, under the rules of law, which, when ascertained by a judgment, was to be enforced by the ordinary process of law in the ordinary mode. Or, if a court of equity was resorted to, as in this case, the amount due should be ascertained and decreed, as a personal demand, and enforced as such. We think, however, the justice and right of this case will be reached by the result we have indicated, confining our decision to the very case in hand, deciding nothing as to other questions that may arise in such cases as between the rightful claimant, and a party who wrongfully obtains and holds possession of an office.

In this view, the clerks, as assignees, stand in the shoes of Wright, and can assert no claim above what he could have done by virtue of the assignment. It is an assignment of a chose in action, non-negotiable, to be applied to the payment of an assumed indebtedness, and so on: no principle can these assignees have any superior position to their assignor. In addition, it is very clear they took the assignment with full knowledge that the right to the office was. being contested hotly, the case then pending in one of the courts of the city, in which one of the parties, we believe, was then clerk.

As to the claims of certain parties as deputy sheriffs, we need but say, that from this record, they are not in any way parties to the suit. One of them seems, on suggestion that he had been employed as deputy, and had not been paid, to have been allowed by order of the court, to come into the case, the order, however, expressly stating that nothing was adjudged thereby—and he was only to come in and make good his claim if he could. There is no pleading asserting his claim, and no issue on which a decree could rightfully have been made. Some others seem to have been permitted by the court, to come in on filing a petition, and giving bond to prosecute their claims, but no such petition or bond is in the record, and the clerk states no such papers are on file. Even if before the court, on the facts, we can see no ground on which they could claim any of these fees as against complainant, as it appears they were employed by Wright at fixed salaries—and had only a personal claim against him

for services—to be enforced by suit, but certainly neither lien or charge on the official fees.

We therefore hold, that the complainant has the superior right as to fees not received by Wright, either in the hands of the clerks, or to be collected—and that the parties claiming to be deputies of Wright, have no right to any fees which were earned by Wright, and their claim is disallowed.

A decree will be drawn in accord with this opinion. Defendants will pay costs of this court, and of the court below, so far as incurred in reference to their claims.