Sandoval v. Albright.

[No. 1190, January 13, 1908.]

JESUS MA. SANDOVAL, Appellee, v. GEORGE F. AL-
BRIGHT, Appellant.

SYLLABUS.

1. A judgment in quo warranto against the incumbent
of an office which adjudges that relator is the de jure officer
is conclusive on his right to the office in an action for the
fees of the office received by the incumbent.

2. The common law is in force in New Mexico, except
as modified by statute.

3. By the common law, not modified by statute, a de jure
officer may recover the fees of the office received by a de facto
officer intruding into the office.

4. In an action by a de jure officer for the fees of the
office received by the incumbent thereof holding the office
in good faith, the reasonable expenses of the incumbent in
administering the office should be allowed him.

Appeal from the District Court for Bernalillo County,
before IRA A. ABBOTT, Associate Justice. Affirmed.

WILLIAM B. CHILDERS, for Appellant.

A de jure officer cannot recover the fees of the office
received by the de facto officer. Stuhr v. Curran, 15 Vroom
181, 43 Am. Rep. 353; Auditor of Wayne Co. v. Benoit, 4
Am. Rep. 382.

There is no property in an office. Butler v. Pennsyl-
vania, 10 How. 402.

If plaintiff was ineligible to the office he can not re-
cover for fees paid another incumbent who was not lawfully
entitled to the office. 23 A. & E. Enc. of Law 396; Math-
ews v. Copiah County, 53 Miss. 715, 24 Am. Rep. 715.

In an action of a de jure officer against de facto offi-
cer for fees, the latter should be allowed his reasonable ex-
penses in administering the office. 23 A. & E. Enc. of
Law 403, 404; Mayfield v. Moore, 53 Ill. 428, 5 Am.
Rep. 52; U. S. v. Fillebrowne, 7 Pet. 28; In re Havird,
2 Idaho 252; Chowning v. Boger, Texas, 9 A. & E. Cor.
Cases 91; Atchison v. Lucas, 83 Ky. 451; Arris v. Stuk-
ely, 2 Mod. 260; Brier v. Gorrell, 30 W. Va. 95.

Sandoval v. Albright.

NEILL B. FIELD, for Appellee.

A person holding a legal title to an office may recover from an intruder, after judgment of ouster in quo warranto, the lawful fees and emoluments attached to such office. Stuhr v. Curran, 44 N. J. L. 181, (dissenting opinion) U. S. v. Addison, 6 Wall. 291; Albright v. Sandoval, 200 U. S. 9; idem 78 Pac. 205; 79 Pac. 719.

The de facto officer is not entitled to credit for expenses incurred in the conduct of the office in an action by a de jure officer for the fees of the office received by the incumbent thereof. U. S. v. Addison, 6 Wall. 298; Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 55.

### STATEMENT OF FACTS.

This is a suit brough by the appellee to recover from the appellant the sum of $6,184.16 alleged to be the amount of fees and emoluments of the office of assessor of Bernalillo county to which the appellee had been duly elected and qualified, received by the appellant between the 27th day of March, 1903, and the 19th day of November, 1904, during which time the appellant had usurped the said office.

It is further alleged that a judgment of ouster was obtained against the appellant, but that he refused to pay over to the appellee said fees and emoluments.

Demurrer to the complaint having been overruled, answer was filed. At a later period this answer was withdrawn and an amended answer was filed, the second paragraph of which is as follows:

"The defendant admits that the plaintiff was elected at the general election held in the Territory of New Mexico, to the office of assessor of Bernalillo County, for the term of two years, from the first day of January, A. D. 1903, and duly qualified as such assessor, as alleged in paragraph one of said complaint, but this defendant denies so much of said paragraph of said complaint as is in words and figures as follows, to-wit: 'And plaintiff alleges that he has ever since been, and still is, the only person lawfullly authorized to discharge the duties and enjoy the emoluments and privileges appertaining to said office.' " (Transcript p. 9-10).

Sandoval v. Albright.

The appellant admitted in the 9th paragraph of his amended answer, that he had received $6,648.80, but alleged that he had expended $2,142.25, for clerical assistance and other necesssary expenses.

By a series of allegations appellant sought to set up his title to the office in question and the ineligibility of the appellee, and by the closing paragraph of the answer he alleged that he became the incumbent of the office in good faith believing he had a right thereto, and claimed a set off for the amount of his necessary expenses, against the claim of the appellee.

Upon demurrer, the first, second, third, fourth and fifth grounds were sustained, and the sixth, seventh and eighth grounds overruled. This left nothing of the answer except the plea of set-off to which the appellee replied, denying the claim and right of set-off, and enlarging his demand, to that admitted by appellant.

A trial by jury was had, and the jury, by direction of the court, returned a verdict for the appellee for Five Thousand Three Hundred and Sixty Dollars and fifty-three cents ($5,360.53) for which judgment was rendered.

Appeal and cross-appeal were prayed and granted.

#### OPINION OF THE COURT.

McFIE, J.—The parties to this suit have been before this court on two former occasions as contestants for the office of assessor of Bernalillo County, the fees and emoluments of which, are now sued for. Albright v. Sandoval, 78 Pac. 205; Albright v. Sandoval, 79 Pac. 719; Albright v. Sandoval, 200 U. S. 9.

The right of office and that the appellee was the *de jure* officer, were fully determined in the former suits, and cannot be considered in this, therefore, the court below, properly sustained the demurrer to all such parts of the answer as sought to raise this issue. Counsel for appellant, evidently conceding the correctness of the ruling below, admitted that the appellee was the lawful incumbent of the office, but contends, that, even so, the appellee cannot recover the fees and emoluments for the period of appellant's incumbency, but that if the court should hold otherwise,

the appellant would still be entitled to recover, as a set-off, the actual and necessary expenses incurred by him while he was in possession of the office; upon the ground, that he took possession in good faith, believing that he was the rightful incumbent thereof. The cross-appellant denies the correctness of this position.

Counsel for appellant, in support of his position that the appellee cannot recover, refers this court to the case of Stuhr v. Curran, 44 N. J. Law, 181. This case, according to the opinion of the majority of the court, does sustain appellant's contention for in the concluding paragraph the court says: "Under the facts disclosed in this case, an action will not lie against a *de facto* officer. He yielded obedience to the law when he performed the services and on principles of natural justice he may retain the reward he has received." In deciding this case, the New Jersey Court, divided 7 to 5, and the dissenting opinion, written by the Chief Justice and concurred in by four of the Associate Justices, is such a complete answer to the opinion of the majority, that practically all of the courts passing upon this question, since that case was decided, have adopted the views expressed in the dissenting opinion; so that it may be said, that the great weight of authority, both in England and America, is contrary to the doctrine declared to be the law by the majority of the court in that case.

The case of the United States v. Addison, 6 Wall. 291, holds, that there can be a recovery, and while the amount of the recovery is limited, the reason is, that the suit was brought upon a supersedeas bond given upon appeal; but the principle decided by the court was that contended for in the dissenting opinion in the case of Stuhr v. Curran, *supra.* Chief Justice Beasley, refers to many of the cases referred to in the majority opinion, and after stating that the English authorities sustain the right of recovery, says: "with regard to the American cases, I can say, after an extended research, that not one of them that has come to my attention denies the right of the *de jure* officer to recover in some form for an intrusion into his office. Dolan v. Mayor of New York, 68 N. Y. 274; Hunter v. Chandler, 45 Mo.

452; Glascock v. Lyons, 20 Ind. 1; Douglass v. State, 31
Ind. 429; People v. Miller, 24 Mich. 458; Dorsey v. Smith,
28 Cal. 21; Nichols v. McLean, 101 N. Y. 538; Kreits
v. Behrensmyer, 149 Ill. 503.

Counsel for appellant, in his brief says:

"It is said the weight of authority is the other way.
Much depends, in New Mexico, upon what was the common
law, as we have no statute on the subject, and it is
an open question for the court to decide."

It is true that we have no statute in this Territory
governing this subject, but the common law in the absence
of statute, authorizes a recovery by the de jure officer
in such cases.

In speaking of the common law upon this subject, Selwin, N. P. 81, says: "That where a person has usurped
an office belonging to another, and taken the known and established
fees of office, an action for money had and received
will lie at the suit of the party really entitled to the
office, against the intruder, for the recovery of such fees."

Chitty, also, in his work of Pleadings says, that an action
will lie, "against a person who has usurped an office
and received the known and accustomed fees of office."

The state of Illinois, like New Mexico, adopted the
common law, and still retains it except as modified by statute.
The case of Krietz v. Behrensmyer, 149 Ills.
496, is a very instructive case upon this subject, as the state
of the law, at the time, was similar to our own. The court
says:

"It is conceded that no statute exists in this state
declaring the right of a de jure officer to recover from a de
facto officer the salary paid such de facto officer who has
discharged the duties of the office under a wrongful or mistaken
purpose. There is no legislation on that subject in
this state. The right of recovery, if it exists, depends,
therefore, on the principles of the common law.

"x x x x x x x x x x By reference to
the decision of the common law courts of England, the
common law of that country is to be found. An examination
of the decisions of the courts of that country shows a
uniform declaration of the principle that a de jure officer

has a right of action to recover against an officer *de facto*, by reason of the intrusion of the latter into the office and his receipt of the emoluments thereof. Among others the following opinions of English courts may be referred to as sustaining this right of recovery: Vaux v. Jefferson, 2 Dyer 114; Arris v. Stukley, 2 Mod. 260; Lee v. Drake, 2 Salk 468; Webb's case, 8 Rep. 45. By the adoption of the common law of England the principle announced in these cases was adopted as the law of this state, for the principle is of a general nature and applicable to our condition. On the basis of a sound public policy the principle commends itself, for the reason that one would be less liable to usurp or wrongfully retain a public office, and defeat the will of the people or the appointing power, if no benefit, but a loss, would result from such wrongful retention or usurpation of an office. The question has frequently been before the courts of the different states and of the United States, and the great weight of authority sustains the doctrine of the common law, as shown by the opinions of the judges in different States, and which, in most of the states, are based on the common law, without reference to any statute. x x x x x x x x x x.

"Whilst it is true that in this state a public office is not a franchise or an incorporeal hereditament, but a mere public agency created for the benefit of the state, yet the salary or emoluments annexed to a public office are incident to the right to the office, and not to the mere exercise of its duties, or its occupancy. x x x x x x x x x x."

In support of the views expressed by the court in this case, many cases are cited, but we do not deem it necessary to refer to them, as we regard this case conclusive of the law of the case now before us, and being applied, disposes of the case, so far as the appellant is concerned. There being no doubt of the right of recovery by the appellee, and no conflict of evidence concerning the amount the appellee was entitled to recover, it was not error for the court to direct a verdict as was done in the court below.

A cross appeal was taken by the appellee and will now be considered.

Sandoval v. Albright.

The court below allowed to be set-off against, and deducted from the total amount received by the appellant during his incumbency of office, the sum of $2,142.25, which was shown to be the amount of expenses, incurred in administering the affairs of the office.

Counsel for cross-appellant does not question the amount of the set-off, nor seeks relief upon any technical grounds of error; but on the contrary, takes the broad ground, that cross-appellant is entitled to recover the full amount of the fees and emoluments received by appellant, Albright, during his incumbency, without any allowance whatever, for the expenses incurred in conducting the affairs of the office. In other words, that cross-appellant is entitled to the gross receipts, and not the profits of the office.

There is some conflict of authority on this subject, but the weight of authority is to the effect, that where the *de facto* officer entered in good faith, believing he was entitled to the office, the profits, and not the entire amount received, are recoverable.

A leading case to this effect, is Mayfield v. Moore, 53 Ill. 428. Counsel for cross-appellant has expressed criticism of this case, but we find the law as therein declared, adhered to in the later cases. Farwell v. Adams, 112 Ill. 52; Waterman v. Chicago & Iowa R. R. Co., 139 Ill. 669; Kreitz v. Behrensmeyer, 149 Ill. 496; Am. & Eng. Enc. of Law, Vol. 23, pp. 403, 404; Am. & Eng. Corp. Cases (Texas), Vol. 9, p. 91.

The acts of the legislature providing for the appointment of an assessor for Bernalillo County, and the testimony of Albright as to his appointment and that he entered upon the office under advice of counsel, were before the court when the court directed the jury to allow the set-off and we think the good faith of Albright must be conceded from these facts, aided, as they were, by the stubborn contest in the courts to settle the title to the office in dispute, disclosed by the decisions of this court, of which the Trial Court took judicial notice.

The question of good faith seems to be the controlling consideration for the allowance of expenses to an ousted *de*

*facto* officer, in a majority of cases thus holding, and the rule would doubtless not be applied in case of an intruder, entering in bad faith and without color of right.

We feel disposed to adhere to this rule in this case, and therefore, hold, that the court below did not commit error in allowing the amount shown by the evidence as the reasonable expenses of appellant's administration of the office, and instructing the jury to that effect.

The judgment of the Court below, both upon the original and cross-appeals, will be affirmed with costs. It is so ordered.