## ALBRIGHT *v.* SANDOVAL.
## SANDOVAL *v.* ALBRIGHT.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW
MEXICO.

Nos. 116, 117.   Argued January 28, 1910.—Decided February 21, 1910.

Where the final judgment of the Supreme Court of a Territory is not
based on the power of the legislature to enact the statute involved
but on the construction thereof, this court is not disposed to disturb
that construction; and so held, following the decisions of the terri-
torial court, that a statute of New Mexico carving a new county
out of an existing one did not create a vacancy in an office of the
original county because the incumbent did not reside in that portion
of the county which remained.

*Quære* whether a judgment of ouster in *quo warranto* is conclusive
between the same parties in a suit brought by the *de jure* relator
against the *de facto* incumbent.

After judgment of ouster in *quo warranto* a *de jure* officer may recover
the emoluments of the office, less the reasonable expenses incurred
in earning the same, where, as in this case, the *de facto* officer entered
the office in good faith and under color of title.

79 Pac. Rep. 719, affirmed.

THE facts are stated in the opinion.

*Mr. E. L. Medler* for Albright:

The entire controversy, including the status of the parties
as to who was *de jure* assessor is before this court, for although
the decision in the *quo warranto* case may bind the New Mexico
courts it does not bind this court.   *United States* v. *Denver
& R. G. Ry. Co.,* 191 U. S. 86; *Dye* v. *Crary,* 208 U. S. 515;
*Fitzpatrick* v. *Flanigan,* 106 U. S. 648; *Mendenhall* v. *Hall,*
134 U. S. 559; *Gallagher* v. *Jones,* 126 U. S. 193.   The judg-
ment in the *quo warranto* case is not *res judicata* in this case
as the object of the judgment is different although the parties

are the same. *Gaines* v. *Hennen,* 24 How. 553; *Carey* v. *Roosevelt,* 81 Fed. Rep. 611.

The acts of the legislature of New Mexico of 1903 creating Sandoval County and the amendatory act were within the power of the legislature. Rev. Stat., § 1851. These acts are not in conflict with the Springer Act and the act of 1886 prohibiting the passage of special or local bills.

Where the legislature exercises a power to create new counties, it creates a vacancy in the old county and it is germane to the subject to fill that vacancy by the same special act. *State* v. *Piper,* 24 N. W. Rep. 205; *Reals* v. *Smith,* 56 Pac. Rep. 690.

The act creating Sandoval County and the amending act are not regulations of county affairs. *Holliday* v. *Sweet Grass County,* 48 Pac. Rep. 533; *Mode* v. *Beasley,* 42 N. E. Rep. 727.

The effect of the acts creating Sandoval County was to create a vacancy in the office of assessor of Bernalillo County and to provide for filling the same. *Lane* v. *Kolb,* 92 Alabama, 636; *State* v. *Board of Public Lands,* 7 Nebraska, 42; *Fox* v. *McDonald,* 21 L. R. A. 537; *De Guenther* v. *Douglass,* 26 Wisconsin, 428; *State* v. *Davis,* 44 Missouri, 129; *People* v. *Haskell,* 5 California, 357; *Attorney General* v. *Squires,* 14 California, 12; *Hoke* v. *Henderson,* 25 Am. Dec. 703, note; *Butler* v. *Pennsylvania,* 10 How. 402; *Stewart* v. *Police Jury,* 116 U. S. 133; *Taylor* v. *Marshall & Beckham,* 178 U. S. 548. As to power of removal and control of legislature over offices see *Crenshaw* v. *United States,* 134 U. S. 99; *Long* v. *Mayor,* 81 N. Y. 426; *People* v. *Hurlbut,* 24 Michigan, 44; *Denver* v. *Hobart,* 10 Newark, 30; *Territory* v. *Van Gaskin,* 6 Pac. Rep. 30.

As to the power of a territorial legislature unless restricted by the Constitution and laws of the United States, see *Vincennes University* v. *State,* 14 How. 267; *Rogers* v. *Burlington,* 3 Wall. 654; *Clinton* v. *Englebrecht,* 13 Wall. 446; and as to power of legislature to name officers temporarily, see *People* v. *Hurlbut,* 24 Michigan, 44; *Territory* v. *Van Gaskin,* 6 Pac.

Rep. 32; *Territory of South Dakota* v. *Scott,* 20 N. W. Rep. 401; *Waterman* v. *Freeman,* 80 California, 233.

The appointment of Albright by commissioners as provided by the legislature was not void by reason of the act of 1901, providing for appointment by the governor to fill vacancies caused by death, resignation or otherwise. The rule of *ejusdem generis* does sustain appellee's contention. *United States* v. *Bevans,* 3 Wheat. 391; *United States* v. *Chase,* 153 U. S. 255, 260; *Moore* v. *American Trav. Soc.,* 2 How. 141; Sedgwick on Construction of Statutes, 360; Cooley on Constitutional Law, 149.

The legislation was not void because it provided for a different manner of selection than that provided for other counties. *Guild* v. *Bank,* 57 N. W. Rep. 499; *Missouri* v. *Lewis,* 101 U. S. 22.

Residence is a necessary qualification to the office involved and the appellee is not qualified. Meecham on Public Offices, §§ 57, 67, 82, 159; *United States* v. *Johnson,* 173 U. S. 363; 23 Am. & Eng. Ency. of Law, 426; *Mauk* v. *Lock,* 70 Iowa, 266; *State* v. *Hixon,* 27 Arkansas, 398; § 772 and subs. 15, § 664, Comp. Laws New Mexico, 1897; *State* v. *McMillen,* 23 Nebraska, 385.

The territorial legislature had the power to declare such a vacancy irrespective of the question of Sandoval's residence. Rev. Stat., §§ 1851, 1857; Meecham, § 1; *Campbell* v. *Morris,* 3 Har. & M. (Md.) 535.

The acts creating Sandoval County went into effect from the date of their passage.

Albright's appointment was legal and no recovery could be had for the fees and emoluments collected by him as a *de facto* officer. 8 Am. & Eng. Ency. of Law, 815; *Hussy* v. *Smith,* 99 U. S. 20; *McDowell* v. *United States,* 159 U. S. 601; *Nofire* v. *United States,* 164 U. S. 661; *Ball* v. *United States,* 140 U. S. 125; *Norton* v. *Shelby County,* 118 U. S. 425; *Insurance Co.* v. *Seaman,* 80 Fed. Rep. 357.

A *de facto* officer is entitled in any event to retain the rea-

sonable expenses of earning the fees and emoluments of the office. 23 Am. & Eng. Ency. of Law, 403; *Mayfield* v. *Moore*, 53 Illinois, 428; *Re Havird*, 2 Idaho, 252; *Chowing* v. *Boger*, 9 Am. & Eng. Corp. Cas. 91; *Atchison* v. *Lucas*, 83 Kentucky, 451; *Arris* v. *Stukeley*, 2 Mod. 260; *Bier* v. *Gorrell*, 30 W. Va. 95.

There is no property in a public office. *Stuhr* v. *Curran*, 15 Vroom, 181; *Wayne County* v. *Benvit*, 4 Am. Rep. 382; *Taylor* v. *Beckham*, 178 U. S. 548; *Butler* v. *Pennsylvania*, 10 How. 402.

*Mr. Neill B. Field* for Sandoval:

An officer *de jure* may maintain an action for the recovery of the fees and emoluments of an office against a person who has been adjudged in *quo warranto* not entitled to the office. *Stuhr* v. *Curran*, 44 N. J. L. 181; *United States* v. *Addison*, 6 Wall. 291. And in such a suit the judgment of ouster is conclusive as to title of the office.

That judgment cannot be attacked collaterally. *New England Mortgage Security Co.* v. *Gay*, 145 U. S. 123; *Washington R. R. Co.* v. *District of Columbia*, 146 U. S. 227; *Kimball* v. *Kimball*, 174 U. S. 158.

Albright is liable to Sandoval for the entire amount received by him. Had it been a salaried office the measure would have been the entire salary and the rule should be the same as to fees, nor can Albright escape on the ground of having wronged Sandoval unintentionally. *Woodenware Co.* v. *United States*, 106 U. S. 432. As to measure of liability, see *Mayfield* v. *Moore*, 53 Illinois, 428; *Beard* v. *City of Decatur*, 7 Am. & Eng. Corp. Cases, 145; *Chowning* v. *Boger*, 9 Am. & Eng. Corp. Cases, 91; *Atchison* v. *Lucas*, 83 Kentucky, 451; *Arris* v. *Stukeley*, 2 Mod. 260; *Bier* v. *Gorrell*, 30 W. Va. 95; *Nichols* v. *MacLean*, 101 N. Y. 526; *Kreitz* v. *Behrensmeyer*, 149 Illinois, 496; 3 Sutherland on Damages, 3d ed., § 693; *United States* v. *Addison*, 6 Wall. 291; *Michel* v. *New Orleans*, 32 La. Ann. 1094.

MR. JUSTICE MCKENNA delivered the opinion of the court.

These cases involve controversies over the right to the fees of the office of assessor of Bernalillo County, New Mexico. Plaintiff in error received the fees, defendant in error claims the right to them as the duly-elected officer.

There was prior litigation over the right of the office. Proceedings in the nature of *quo warranto* were instituted against plaintiff in error, by the Territory, upon the relation of defendant in error, to try the title of plaintiff in error to the office. Judgment went in favor of the latter in the trial court, which was reversed by the Supreme Court, and the case remanded for further proceedings. 78 Pac. Rep. 204.

Upon the subsequent proceedings in the trial court judgment was entered, declaring plaintiff in error not entitled to the office. The judgment also ordered him to deliver to the relator, defendant in error here, the records and the equipments of the office, "as the lawful custodian thereof." This part of the judgment was reversed by the Supreme Court; the other part, as to the title of plaintiff in error to the office, was affirmed. 79 Pac. Rep. 719. An appeal was taken to this court and dismissed because the matter in controversy was not "measurable by some sum or value in money." As to the fees of the office, it was said: "The term of office had expired before the rendition of judgment by the territorial Supreme Court, and as to the effect of the judgment of ouster in a suit to recover emoluments for the past, that is collateral, even though the judgment might be conclusive in such subsequent action. *New England Mortgage Security Co.* v. *Gay,* 145 U. S. 123; *Washington & Georgetown R. R. Co.* v. *District of Columbia,* 146 U. S. 227."

This action was brought for the past fees and emoluments of the office, amounting, it is alleged, to the sum of six thousand one hundred eighty-four dollars and sixteen cents ($6,184.16).

The grounds of action are, as alleged, that Sandoval, de-

fendant in error, was duly elected to the office; that Albright, plaintiff in error, on the twenty-seventh of March, 1903, "usurped the same, and excluded the plaintiff therefrom, and received and appropriated to his own use the fees and emoluments" of the office until the nineteenth of November, 1904, when the plaintiff (defendant in error here), by a judgment in a "certain proceeding entitled The Territory of New Mexico on the relation of Jesus Maria Sandoval against the said George F. Albright, was restored to the possession of the said office." The judgment was made part of the complaint.

A demurrer was filed to the complaint. It was overruled. An answer was then filed which practically admitted the allegations of the complaint, except the legal right of the plaintiff to the fees of the office. It admitted that in the *quo warranto* proceeding it was adjudged that Albright was not entitled to the office and had usurped the same, and that Sandoval was entitled to it. The answer, however, set up a right to the office in Albright; that on the twenty-third of March, 1903, he was appointed assessor of the county by the board of county commissioners of the county, acting under and by virtue of § 3 of an act of the legislative assembly of the Territory, entitled an act to create the county of Sandoval, approved March 10, 1903, as amended March 12, 1903. That the office of assessor of the county of Bernalillo became vacant by reason of such legislation, Sandoval County having previously been a part of Bernalillo. The validity of such legislation was alleged and that the power of appointment was vested thereby in the board of commissioners created by the amendatory act of March 12. It is alleged also that "the office was subject to the control of the legislature and that a vacancy thereafter was created by said acts." That Sandoval, at the time Sandoval County was created, was and had been a long time before a resident of Bernalillo, and ceased, therefore, upon the passage of the acts creating Sandoval County, to be a resident of Bernalillo, and became disqualified from exercising the duties of the office of assessor thereof, to which

he had been elected, and that at the time of the appointment of Albright the office was and had been vacant from the time of the creation of Sandoval County.

The answer admitted the receipt of $6,648 on account of fees and emoluments, and alleged that Albright paid out the sum of $2,142.25 for clerical and other expenses necessarily incurred in administering the office, which amount, he alleged, he was "entitled to receive as a set off against any demand" against him. And he alleged that the said sum was paid in good faith. There was a demurrer to the answer filed and a replication. The latter accepted the statement of the amount received by Albright, alleged want of information as to the amount expended as expenses of the office, and denied that Albright was an incumbent of the office in good faith.

The demurrer was sustained to all parts of the answer except those alleging receipt of fees and the payment of expenses. As to them, evidence was submitted to a jury, which, under the direction of the court, returned a verdict for the plaintiff, Sandoval, in the sum of $5,360.53, which was the amount sued for less the expenses which had been incurred by Albright. Both parties moved for a new trial, the plaintiff on account of the allowance of the expenses, the defendant on account of the recovery against him of the fees and emoluments received by him. Judgment was entered for the amount of the verdict in favor of the plaintiff, and affirmed by the Supreme Court. 93 Pac. Rep. 717. Both parties sued out writs of error. That of Albright (No. 116) is directed to the judgment against him; that of Sandoval (No. 117) to redress the error, which he contends, was made against him in allowing as a set off against his demand, the expenses that Albright had incurred in administering the office.

It is clear that the only questions of fact presented by the pleadings were as to the amount received and the amount expended by Albright. This was the view taken of them by the Supreme Court. That court said: "The right of office and that the appellee [defendant in error here] was the *de jure*

officer were fully determined in the former suits, and cannot be considered in this, therefore the court below properly sustained the demurrer to all such parts of the answer as sought to raise this issue." The suits referred to by the court were *Albright* v. *Territory*, 78 Pac. Rep. 204; *Territory* v. *Albright*, 79 Pac. Rep. 719; *Albright* v. *Sandoval*, 200 U. S. 9.

The court, therefore, addressed itself to the two propositions which it conceived were left in the case, the right of Sandoval to recover the fees received by Albright and the right of the latter to set off against them his disbursements for expenses. The court, passing on the first proposition, found, it said, no statute of the Territory "governing this subject," but decided that "the common law, in the absence of a statute, authorizes a recovery by the officer *de jure* in such cases." On the second proposition it found that there could be no question of Albright's good faith, and that it considered the cases made good faith "the controlling consideration for the allowances of expenses to an ousted *de facto* officer," and affirmed the judgment of the trial court.

Plaintiff in error, however, goes back of the decision of the Supreme Court, and contends that he is not only an officer *de facto* but an officer *de jure*. In other words, he asserts the correctness of the position taken in his answer that by the legislation creating Sandoval County defendant in error ceased to be the assessor of Bernalillo, to which he was duly elected, that therefore a vacancy existed to which plaintiff in error was duly appointed.

The basis of this contention is the power of the legislature to create Sandoval County, and that by the exercise of the power defendant in error was made a resident of Sandoval County and became disqualified to be assessor of Bernalillo. From this it followed, it is argued, a vacancy occurred to which plaintiff in error was appointed under the act amending the act creating Sandoval County. It certainly follows that if the residence of defendant in error in Sandoval County did not create a vacancy there was none to fill, unless, as it is

contended by defendant in error, that the legislature has the power to create a vacancy and actually exercised the power.

In *Territory* v. *Albright*, 78 Pac. Rep. 204, the judgment of the trial court, which dismissed the *quo warranto* proceedings, was reversed, as we have seen. The Supreme Court said that the trial court, in considering the section of the acts relied on by plaintiff in error, "arrived at the conclusion that it was the intention of the legislature to declare that office [the office of assessor of Bernalillo County] vacant, and therefore, although those sections did not contain a declaration to that effect, the court was of the opinion that these sections should be given the effect of such a declaration." But the Supreme Court added, "we cannot concur with the trial court in this conclusion," and proceeded to analyze the legislation, and decided that it did not have the meaning plaintiff in error attributes to it. In other words, did not create a vacancy in the office of assessor of Bernalillo County. And considering the laws of the Territory as to the qualification of county officers, decided that residence was not one of them. The court further decided that when plaintiff in error was appointed the act, under which it is contended that it was done, had not taken effect, and that, therefore, his appointment was unauthorized.

The court, considering the legislation in view of the powers of the legislature as limited by the act of Congress of July 30, 1886 (24 Stat. 170, c. 818), concluded that the legislature had not the power to remove and appoint county officers as contended, but the decision of the case was put on the other grounds which we have stated. In other words, put upon the construction of the statutes. And that construction we are not disposed to disturb. *Fox* v. *Haarstick*, 156 U. S. 674; *English* v. *Arizona*, 214 U. S. 359; *Dye* v. *Crary*, 208 U. S. 515.

Under these views it is not necessary to decide whether the judgment in the *quo warranto* proceedings is conclusive of the issues in this case, as contended by defendant in error.

The decision upon the respective rights of the parties arising from the statute of the Territory may be rested on the grounds which we have expressed, and we come to the proposition whether Sandoval can recover the fees and emoluments received by Albright, and whether, if he can, may the latter set off his expenses. The first proposition is not controverted by Albright, although he suggests that there are some well-considered cases the other way, and he cites *Stuhr* v. *Curran*, 15 Vroom (44 N. J. L.), 181. He also cites *Taylor* v. *Beckham*, 178 U. S. 548; *Butler* v. *Commonwealth of Pennsylvania*, 10 How. 402, for the view that there is no such thing as property in a public office. However, his ultimate concession is that the weight of authority is to the effect that a *de jure* officer may recover from the *de facto* officer the emoluments of the office, less the reasonable expenses incurred in earning such fees, when the *de facto* officer entered into the office in good faith and under color of title. And this was the view of the Supreme Court of the Territory. To sustain the first proposition the court reviewed *Stuhr* v. *Curran, supra*, and cites against it *United States* v. *Addison*, 6 Wall. 291; *Dolan* v. *Mayor of New York*, 68 N. Y. 274; *Hunter* v. *Chandler*, 45 Missouri, 452; *Glascock* v. *Lyons*, 20 Indiana, 1; *Douglass* v. *State*, 31 Indiana, 429; *People* v. *Miller*, 24 Michigan, 458; *Dorsey* v. *Smyth*, 28 California, 21; *Nichols* v. *McLean*, 101 N. Y. 538; *Kreitz* v. *Behrensmeyer*, 149 Illinois, 503; *Vaux* v. *Jefferen*, 2 Dyer, 114; *Arris* v. *Stukeley*, 2 Mod. 260; *Lee* v. *Drake*, Salk. 467, 468; *Webb's Case*, 8 Rep. 45; 1 Selw. N. P. 81; 1 Chil. Pl. 112. It is not necessary to make a review of these cases. It is enough to say that they sustain the proposition for which they are cited.

The second question is more debatable, to wit, whether Sandoval was entitled to the gross receipts of the office, as contended by him, or to the net receipts as contended by Albright and as decided by the courts below.

Counsel for Sandoval sees and admits the difficulties which beset the question, and is not insensible to the justice under

the circumstances of this case of the deductions allowed by the courts below.

There is argument based on the illegality of Albright's occupation of the office, and strength in the contention that a trespasser may not set off the expense he incurred in executing the trespass. It has been held, in a well-considered case, there can be no deduction for the personal services of the intruder: *People* v. *Miller*, 24 Michigan, 458. It was said in that case, however, that "There may be reason for deducting from any official earnings the actual cost of obtaining them which would have been entailed on any person who might have held the office." This may be said of the expenses in controversy in the case at bar. *Mayfield* v. *Moore*, 53 Illinois, 428, is the leading case which sustains the right to deduct such expenses. This case is followed by others in the same court and the same view has been announced by other courts. We think they express the correct rule. It makes the measure of recovery the extent of the injury, and the injury, it is clear, is not the gross earnings of an office, but such earnings less, to use the language of Mr. Chief Justice Campbell in *People* v. *Miller, supra*, "the actual cost of obtaining them which would have been entailed on any person who might have held the office."

*Judgment affirmed.*