## Hubbard v. Ledford.

(Decided April 16, 1935.)

CHARLES N. HOBSON, ROY W. HOUSE and A. D. HALL for appellant.

MURRAY L. BROWN and A. T. W. MANNING for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Millard Hubbard and A. S. Ledford were candidates for the office of sheriff of Clay county at the November election, 1925. The certificate of election was issued by the election commissioners to Hubbard. Burchell who was the Democratic nominee for the office of sheriff was also voted for. He contested Hubbard's election and the right of Ledford to the office. The trial court found in favor of Hubbard, and from that finding Ledford prosecuted an appeal. Hubbard also appealed. Ledford v. Hubbard, 219 Ky. 9, 292 S. W. 345. Ledford on the appeal was declared elected.

In January, 1926, Hubbard qualified, assumed the duties of the office, and continued to discharge them until the 15th day of December, 1926, when Ledford qualified and assumed the obligations of the office. He filed this action in the Clay circuit court to recover of Hubbard the emoluments of the office during the period Hubbard served. The latter defended on the ground that the expenses of the office had exceeded the receipts. Ledford seasonably entered a motion requesting the regular judge of the court to vacate the bench. His motion was overruled. He asked this court for a writ of prohibition against the judge to prevent him trying the case. We "held that the court was without authority thus to control the action of the trial court, and that whatever relief the plaintiff was entitled to could be obtained by an appeal from any judgment which might be rendered against him. Ledford v. Lewis, 227 Ky. 396, 13 S. W. (2d) 276." The case proceeded to a trial in the circuit court, and judgment was rendered in favor of Hubbard, from which Ledford prosecuted an appeal, insisting that the court erred in not vacating the bench as well as in his decision on the merits. Without considering the merits, we ruled that the judge was disqualified and should have sustained Ledford's motion to vacate the bench. Ledford v. Hubbard, 236 Ky. 373, 33 S. W. (2d) 345, 346.

The case is again here for a review of a judgment on the merits.

There is neither a constitutional nor a statutory provision controlling the question now presented for determination. Section 246 of our Constitution limits the salaries of public officers, except the Governor, to $5,000 per annum, "independent of the compensation of legally authorized deputies and assistants, which shall be fixed and provided for by law."

The liability of Hubbard and the right of Ledford, in the circumstances, are controlled by the common law which is conceded to be in force in this commonwealth. Section 233, Constitution of Kentucky.

A de jure officer may at common law recover the fees or salary paid to a de facto officer and his right to recover does not accrue until the right to the office is determined by a court of competent jurisdiction. Kreitz v. Behrensmeyer, 149 Ill. 496, 36 N. E. 983, 24 L. R. A. 59; Atchison v. Lucas, 83 Ky. 451; United States ex rel. Crawford v. Addison, 6 Wall. 291, 18 L. Ed. 919; Naylor v. Carter, 167 Okl. 125, 27 P. (2d) 843, 93 A. L. R. 254, and annotation.

There is a distinction between the liability of an usurper and that of a de facto officer who in good faith, under apparent color of title, discharges the duties of the office and while so doing receives the emoluments.

Hubbard was in law a de facto officer, acting in good faith, under a certificate of election during the pendency of the contest, and therefore was not an usurper. Eubank v. Montgomery County, 127 Ky. 261, 105 S. W. 418, 32 Ky. Law Rep. 91, 128 Am. St. Rep. 340, 16 Ann. Cas. 483; Scholl v. Bell, 125 Ky. 750, 102 S. W. 248, 31 Ky. Law Rep. 335; Howard v. Burke, 248 Ill. 224, 93 N. E. 775, 140 Am. St. Rep. 159.

The position of Hubbard here is identical with that of a person who, having a defective title to a tract of land, enters into possession and receives at his peril the rents and profits. 23 R. C. L., sec. 245, p. 546; Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 52.

The legal distinction between an innocent trespasser and a willful trespasser in such case, and the liability of the former to the true owner of land or a lessee,

was considered and determined in Swiss Oil Corp. v. Hupp, 253 Ky. 552, 69 S. W. (2d) 1037; Ky. Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S. W. (2d) 538. The measure of recovery of the true owner of land, or a lessee, of an innocent trespasser, is stated in the cases, supra, and the measure of recovery in such case, and the reasons therefor, are applicable and controlling in an action by an officer de jure against a de facto officer who is issued a certification of election, qualifies, assumes, discharges the duties of the office, and receives the emoluments during the pendency of a contest. Such measure of recovery, on the facts presented therein, was applied by this court in Atchison v. Lucas, supra; Rice v. Tevis' Adm'r. 50 S. W. 1101. 21 Ky. Law Rep. 110.

The appropriate rule is that where it appears the de facto officer is not a mere intruder or usurper, but has acted in good faith and under a fair color of title to the office, the de jure officer is limited in his recovery of the de facto officer to the fees or salary received, less the amount necessarily and actually expended in conducting the office. See Albright v. Sandoval, 216 U. S. 331, 30 S. Ct. 318, 54 L. Ed. 502, affirming judgment Sandoval v. Albright, 14 N. M. 345, 93 P. 717, 719; Id., 14 N. M. 434, 94 P. 947; Lawrence v. Wheeler, 90 Kan. 666, 136 P. 315; Jansky v. Baldwin, 120 Kan. 728, 244 P. 1036, 47 A. L. R. 476; People ex rel. Benoit v. Miller, 24 Mich. 458, 9 Am. Rep. 131; Wenner v. Smith, 4 Utah, 238, 9 P. 293; Crosby v. Hurley, 1 Alcock & N. 431; Bier v. Gorrell, 30 W. Va. 95, 3 S. E. 30, 8 Am. St. Rep. 17; Mayfield v. Moore, 53 Ill. 428, 5 Am. Rep. 52; Lansing v. Van Gorder, 24 Mich. 456.

Indeed, "the weight of authority is to the effect that where the de facto officer entered in good faith, believing he was entitled to the office, the profits, and not the entire amount received, are recoverable." Sandoval v. Albright, supra. "The de jure officer may recover the value of the office during the period held by the de facto officer, to be measured by considering the trouble, the expenses and the responsibilities of the office." Stewart v. Hutchings, Newfoundl. Sel. Cas. 68.

Applying these principles to the facts adduced, Hubbard should be charged with the fees, commissions,

708

and salary collected, and those earned by him, though afterwards collected by Ledford. There should be deducted therefrom the acual, customary, and necessary expenses of himself and deputies in conducting the business of the office, including deputies' salaries. If Ledford, himself, had been the incumbent, during the same period, it is apparent he would have incurred the expenses of the business of the office, and been compelled to pay them and the deputies' salaries necessary and required to accomplish the work of the office. The rule stated in Kreitz v. Behrensmeyer, supra, and in a few other cases, is to the contrary, but it is not in harmony with that adopted by the decided majority of the courts.

However, Hubbard is not entitled to deduct from the gross earnings of the office, or at all, any sum as remunerative of his personal services (Lawrence v. Wheeler; People ex rel. v. Benoit v. Miller; Wenner v. Smith; Crosby v. Hurley, supra); nor is he entitled to deduct his living expenses, incurred in earning the fees, commissions, and salary (Mayfield v. Moore, supra). The net profits of the office, during the period of Hubbard's services, is the criterional test of Ledford's recovery.

The judgment herein disregards the measure of Ledford's recovery as we have stated it; for this reason it is reversed for proceedings consistent herewith.